# CHARLESTON.

## MIKE SUDNICK v. SIGMUND KOHN.

Submitted January 15, 1918. Decided January 22, 1918.

1. FALSE PRETENSES—*Nature of Pretense.*

   In order to constitute the offense of obtaining money or property by false pretenses, it is not necessary that the alleged false pretense be such as would deceive one of ordinary intelligence, or as would impose upon one of ordinary prudence or caution. It is sufficient that the representations upon which the money or property is obtained falsely assert the existence or non existence of a fact, and were made with the intention of procuring the money or property of another. (p. 494).

2. MALICIOUS PROSECUTION—*Defenses—Advice of Counsel.*

   In a suit for malicious prosecution the defendant may show in defense that prior to the institution of the proceedings which are alleged to have been malicious he in good faith consulted a competent attorney, to whom he made a full and accurate statement of the facts, and that the prosecution was instituted in good faith in reliance on the advice received by the defendant from the attorney so consulted. (p. 497).

3. SAME—*Cause of Action—Malice—Want of Probable Cause.*

   In order to a recovery in an action for malicious prosecution, both want of probable cause for the prosecution of which complaint is made, and malice upon the part of the one instituting or instigating the prosecution, must be shown. These elements must concur before a recovery can be had. (p. 498).

4. SAME—*Probable Cause—Justice's Holding for Grand Jury.*

   In an action to recover damages for malicious prosecution, if it be shown that the prosecution was begun before a justice of the peace, and that upon a preliminary hearing before said justice the one accused of crime was held by the justice for action upon the case by a grand jury, such action of the justice is *prima facie* evidence of probable cause for the prosecution, subject to be overthrown by evidence, or by facts and circumstances shown upon the trial of the case. (p. 499).

5. EVIDENCE—*Declarations of Third Parties.*

   In a suit for malicious prosecution statements of the justice of the peace who issued the warrant upon which the plaintiff was arrested, as to the reason for the plaintiff's arrest, and statements of the constable who arrested the plaintiff, as to his purpose

in making the arrest, are not admissible against the party making the complaint, unless it be shown that such party authorized these statements, or with knowledge thereof thereafter approved them. (p. 499).

Error to Circuit Court, McDowell County.

Action by Mike Sudnick against Sigmond Kohn. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Litz & Harman* and *G. L. Counts,* for plaintiff in error.

*Arthur C. Froe* and *Harry J. Capehart,* for defendant in error.

Ritz, Judge:

The defendant in this case is a merchant at North Fork, West Virginia. Plaintiff had been dealing with him in small amounts over a period of about three years. On the occasion of the transaction out of which this litigation arose, according to the contention of the defendant, the plaintiff came to his store and gave an order to one of his salesmen for a very much larger amount of goods than he had ever bought before. The salesman declined to allow him to have these goods on credit, but handed the order to the defendant to be passed upon. The defendant inquired of plaintiff why he was purchasing such a large amount of merchandise, and the plaintiff replied that he was married now and living upon the hill at a certain house and needed the goods for that reason; and defendant says that relying upon this statement that plaintiff was a married man he allowed him to have the goods. This statement was also accompanied by a promise to pay for the same, or a large part thereof, on the following payday. The promise to pay not being met, the defendant made inquiry in regard to the matter and discovered that the plaintiff was not married, and that he had purchased these goods and turned them over to a woman with whom he was boarding, and when payment therefor was demanded of him he denied ever having gotten them, and refused to pay for them. The defendant thereupon consulted his counsel, and after advising him fully as to these facts was advised by counsel that the plain-

tiff was guilty of obtaining goods by false pretenses, it being
the contention of the defendant that he allowed the plaintiff
to have the goods because of the statement that he made
that he was a married man, inasmuch as married men are
more settled, work with more regularity, and are not so ex-
travagant in their habits, and he considered that a married
man was a much better credit risk than a single man. Acting
upon the advice of his counsel he made complaint against the
plaintiff before a justice of the peace, and the warrant was
thereupon issued charging him with obtaining these goods by
false pretenses, upon which warrant he was arrested and
detained in custody until the following day, when he gave
bond. A preliminary hearing was had before the justice and
the plaintiff held to answer an indictment by the grand jury.
Upon the submission of the case to the grand jury an indict-
ment was returned charging the plaintiff with obtaining the
goods by false pretenses. A trial was had upon this indict-
ment in the criminal court of McDowell county, and the
plaintiff found not guilty, and judgment rendered according-
ly. Immediately thereafter this suit was brought charging
the prosecution to be malicious and without probable cause,
and seeking to recover damages therefor. The above state-
ment of facts is the contention on the part of the defendant.
The plaintiff denies that he ever got the goods at all. He
denies that he ever made any representations or statements
to the plaintiff, but on the other hand he swears that the
goods were purchased by a woman who kept a boarding house
at which he boarded, and she corroborates this statement.
Upon the trial of the action the court instructed the jury
that assuming all of the statements of the defendant to be
true, there was not probable cause for the prosecution, and
would not submit to the jury the question of whether or not
probable cause existed. This action of the court is assigned
as error. We cannot agree with the conclusion of the learned
Judge of the trial court that the representations made by the
plaintiff as detailed by the defendant, if false, would not con-
stitute probable cause for the prosecution of the plaintiff for
obtaining goods by false pretenses. Of course the question
as to whether or not the plaintiff actually made these repre-

sentations, and even if he did make them, whether or not they were relied upon by the defendant, were matters of fact for the jury, but the court excluded from the jury all consideration of these matters, and found as matter of law that there was not probable cause, assuming the facts to be as stated by the defendant. It may be that a man possessed of ordinary capacity and intelligence would not have parted with his goods upon such representations; it may be that one of even ordinary prudence and caution, would have investigated the facts before parting with his property, but neither of these conditions are requisite in order that a representation may constitute the basis of a prosecution for obtaining goods by false pretenses. It is not necessary that it be such a representation or pretense as that one of average intelligence would be deceived by it, or that one of ordinary prudence and caution would not investigate. The law is as much for the protection of those ignorant and illiterate and full of credence as for the protection of the astute and incredulous. To hold that in order to be the basis of a prosecution for obtaining goods by false pretenses the representation must be such as would deceive one of ordinary intelligence and capacity, and of ordinary prudence and caution, would be to say that those who are beneath the average in intelligence and capacity, and who are more credulous or incautious than the average are without the protection of the law, and are the legitimate prey of the knave and charlatan. There were some authorities in the earlier days of our jurisprudence holding that in order for a false pretense or token to be the subject of a prosecution, it must be such as would deceive one of average or ordinary capacity, but it seems to be held with practical unanimity at this day that there is no such requirement. If the representation made is false, if the declaration is that a certain condition exists or does not exist, and the contrary is true, and by reason of this declaration another parts with his goods, and the purpose of the party making it was to defraud, the requirements of the law are met, and the party so obtaining the goods is guilty of the charge of obtaining goods by false pretenses. Wharton's Criminal Law, 11 ed. 1459; 19 Cyc. 404; 11 R. C. L. 833; 2 Bishop's

New Criminal Law, §433, where the law controlling upon this question is announced as follows:—''After some conflict in the authorities, it is believed to have become settled that a false pretence is to be weighed by its effect, and one calculated to mislead a weak mind, if practised on it, is as obnoxious to the law as one adapted to overcome a stronger mind to which it is addressed.'' In Indiana it had been held formerly that in order for a representation to constitute the basis for a prosecution it must not only be false, but it must be such as was calculated to mislead one of average or ordinary intelligence. In the case of *Lefler* v. *The State,* 153 Ind. 82; 74 Am. St. Rep. 300; 45 L. R. A. 424, the question was again reviewed by the Supreme Court of Indiana, its former decisions overruled, and the doctrine announced as we have above stated. Many authorities are reviewed in the opinion of the court in that case, and the conclusion reached by the Indiana Supreme Court seems to be well supported by these authorities. In the case of *Bowen* v. *State,* 9 Baxt. 45; 40 Am. Rep. 71, the Supreme Court of Tennessee comes to the same conclusion after a review of the authorities. In *Barton* v. *People,* 135 Ill. 405; 25 Am. St. Rep. 375, the question was under review by the Illinois Supreme Court, and the conclusion which we have come to was adopted by that court. The authorities are carefully reviewed in a note accompanying the report of this case in 25th Am. St. Rep. See also *Commonwealth* v. *Beckett* (Ky.) 68 L. R. A. 638; *State* v. *Keyes,* 196 Mo. 136; 93 S. W. 801; 6 L. R. A. (N. S.) 369 The authorities upon the question are collected in the note to the last case reported in 6 L. R. A. (N. S.) We are of the opinion that the question as to whether or not probable cause existed for this prosecution should have been submitted to the jury. It is true a jury in the criminal court found the defendant not guilty of the charge, but this is not conclusive of the question of probable cause. Even where the question of the making of the representation resolved itself into a question of veracity between plaintiff and defendant, in a criminal prosecution it is necessary, in order to secure a conviction, to satisfy the jury beyond all reasonable doubt of the

guilt of the accused, while in a case like this the measure of proof required is not nearly so strong.

The action of the court refusing to give an instruction offered by the defendant as to the effect of obtaining the advice of counsel is also assigned as error. This instruction told the jury that if the defendant sought the advice of competent counsel and acted upon that advice after making a full and clear presentation of all the facts to such counsel, and made the complaint against the plaintiff in good faith, believing that there was probable cause to charge him with the offense, he was not liable. This instruction seems to present the law correctly, and should have been given. It leaves to the jury the determination of the question of defendant's good faith in making the complaint. If after coming to the conclusion that the circumstances were such as to show that the defendant did not act in good faith, and did not really believe that there was probable cause, notwithstanding the advice of counsel, then such advice would be no defense, but it is a rule of universal application in suits for malicious prosecution that the defendant may show in defense that, prior to the institution of the criminal proceedings, he consulted competent counsel to whom he made a full and accurate statement of the facts in good faith, and that the prosecution was instituted in reliance on the advice received by the defendant from the attorney so consulted, and if the jury believe that he did truthfully and fully represent the facts to the counsel so consulted, and in good faith consult counsel for the purpose of being honestly advised upon the law, and acted in good faith upon such advice, no recovery can be had against him. Thornton on Attorneys at Law, §369 and authorities there cited. So in 18 R. C. L., p. 45, it is stated in speaking of the institution of criminal proceedings upon the advice of counsel: "It is the general rule that advice of counsel is a complete defense to an action for malicious prosecution either of civil or criminal actions where it appears that the prosecution was instituted in reliance in good faith on such advice, given after a full and fair statement to the attorney of all the facts, and the fact that the

attorney's advice was unsound or erroneous will not affect the result.''

The court below recognized this to be the law and instructed the jury to that effect, coupling it with his instruction that there was not probable cause, assuming all of the facts set up by the defendant to be true, and further coupling it with the statement to the jury that in order for this defense to avail the defendant they must believe that the plaintiff actually purchased the goods for himself. As we have already seen, that part of his instruction which found that, conceding all of defendant's contentions, there was not probable cause, was error. We cannot see what difference it would make whether the plaintiff purchased the goods for himself or for another. It would seem from the evidence in this case that the plaintiff, if he purchased the goods at all, did not purchase them for himself, but was purchasing them for another. This fact could not in any way affect his relations with the defendant. He would be just as guilty of obtaining them by false pretenses if he had the intention of turning them over to someone else as if he intended to keep them himself. Coupling this qualification with the instruction largely destroyed its effect. The instruction should have been given in the form presented, or in an equivalent form.

Defendant also asked the court to instruct the jury that in order for the plaintiff to recover, want of probable cause and malice must concur; that it was not sufficient that the defendant acted wthout probable cause, unless at the same time he had malice toward the plaintiff. This instruction the court refused. It is not conceived upon what theory this instruction was rejected. There is no disagreement in the authorities that both want of probable cause and malice must exist in order for a recovery in a suit for malicious prosecution. However groundless the prosecution may be, still if the jury is of the opinion that the prosecutor acted in good faith, had no malice, then there can be no recovery. The whole gist of the action is malice. True, it has been held that malice may be presumed from the want of probable cause, but this does not mean that the jury must not find that there was malice in fact. It simply means that when want of

probable cause is shown the jury may find malice from this fact. This instruction properly presented the law and should have been given. *Bailey* v. *Gollehon,* 76 W. Va. 322; 26 Cyc, 78. If the plaintiff desired to inform the jury that the malice required in order to sustain the case could be presumed from the want of probable cause, he could have offered an instruction presenting that theory to the jury.

The defendant also moved the court to instruct the jury that the fact that the justice of the peace held the plaintiff to answer an indictment by the grand jury of McDowell county is *prima facie* evidence that there was probable cause for the prosecution, and this instruction the court refused to give. It seems to be pretty generally held that the discharge of one accused of crime by the justice of the peace upon a preliminary hearing before him is *prima facie* evidence of want of probable cause for the prosecution. It is different, however, where the justice actually tries the case. *Catzen* v. *Belcher,* 64 W. Va. 314; *Vinal* v. *Core and Compton,* 18 W. Va. 1. And so it was held in the case of *Hale* v. *Boylen,* 22 W. Va. 234, that the commitment of the plaintiff to answer an indictment by the justice of the peace did not conclusively show that the prosecution was based on probable cause, but it did tend in that direction. The effect of the decision in that case is that such a holding by the justice is *prima facie* evidence that there was probable cause for the prosecution. This *prima facie* case may be rebutted by evidence introduced or by facts appearing in any way in the case. 26 Cyc. p. 39.

The action of the court in admitting certain testimony is assigned as error. The plaintiff was permitted to testify that the justice who issued the warrant told him that unless he would pay Mrs. Memmo's grocery bill, he would have to put him in jail, and Mrs. Memmo was permitted to testify that the constable who made the arrest made like statements. It nowhere appears in the evidence that the defendant was responsible for these statements, or was in any wise connected with them. Neither was he present at the time they were made. Whatever purpose the justice or the constable making the arrest may have had could not be charged to the defendant, nor can he be held responsible for their statements

in the premises. If it had been shown that these statements were made in the presence of the defendant, or that the defendant directed the making of them, or in some way thereafter approved them, the relevancy of this evidence could not be doubted, but standing alone as they do in this record, unconnected in any way with the defendant, either by previous authorization or direction, or subsequent approval or ratification, they were improper and should not have been admitted.

It follows from what we have said that the judgment of the circuit court will be reversed, the verdict of the jury set aside, and the case remanded for a new trial.

*Reversed and remanded.*