# CHARLESTON.

## JACK W. HANCOCK v. C. G. MITCHELL.

Submitted January 8, 1919.   Decided January 14, 1919.

1. LIBEL AND SLANDER—*Conditional Privilege—Statements in Petition to Remove Public Officer.*

   A citizen having an interest in the due and proper performance of the duties of a public officer or agent may petition the tribunal appointing such officer or agent and having power to remove him, for his removal, without liability for false or erroneous representations made therein as ground for removal, provided they were made in good faith for the purpose aforesaid and without malice and knowledge of their untruthfulness, even though he has no right to prosecute the removal proceeding as a party litigant, and he may set up such right as a qualified or conditional privilege by way of defense in an action against him for libel, based upon allegations of false and malicious representations contained in his petition.   (p. 158).

2. SAME—*Petition for Removal of Public Officer—Statements in Good Faith—Presumption—Absolute Privilege.*

   Such right raises a presumption of good faith in the preparation, circulation and presentation of the petition, which precludes right of recovery, in the absence of allegation and proof of express malice therein; but it does not constitute an absolute privilege absolving the petitioner from liability without regard to his motives and conduct.   (p. 159).

3. SAME—*Qualified or Conditional Privilege—Pleading.*

   Though such qualified or conditional privilege may be established by proof under the general issue, it may be pleaded specially, since the plea setting it up is in the nature of a confession and avoidance.   (p. 159).

4. SAME—*Improper Conduct of Public Officer—Right of Action—Defenses—Incapacity in Trade or Profession.*

   A writing which imputes to an officer improper conduct in his office or incompetence to discharge the duties thereof properly, or charges a person with incapacity in his trade or profession, is actionable without allegation or proof of special damages, in the absence of proof of legal excuse therefor or justification thereof.   (p. 159).

Certified Questions from Circuit Court, Monroe County.

Suit for libel by Jack W. Hancock against C. C. Mitchell.

Demurrer to declaration overruled, and plaintiff's demur-
rers to two special pleas of privilege overruled, and rulings
certified.

*Action of circuit court sustained.*

*R. L. Clark* and *Morton & Mohler,* for plaintiff.
*Jno. L. Rowan* and *T. N. Read,* for defendant.

POFFENBARGER, JUDGE:

The rulings certified for review in this case adversely dis-
posed of the defendant's demurrer to a declaration charging
libel. of the plaintiff and the plaintiff's demurrers to two
special pleas of privilege.

All of the questions so raised and disposed of depend
largely upon the relative rights of a public officer or agent
and a citizen and tax-payer, respecting a written or printed
petition or memorial to the tribunal appointing the officer
and having power to remove him for cause, charging incom-
petence and misconduct, circulated among citizens and tax-
payers for signatures and afterward adopted by such tribu-
nal, as charges of misconduct in its unsuccessful proceeding
for amotion of the officer. Claiming absolute privilege for
such a publication by a citizen and tax-payer, the defend-
ant denied the legal sufficiency of the declaration charging
libel in the writing, circulation and filing of the petition.
On the overruling of his demurrer, he filed two special pleas
in one of which he claimed absolute privilege to write and
use the paper in the manner complained of and, in the
other, a qualified or conditional privilege to do so.

The plaintiff, a civil engineer by profession, held the
office of county road engineer of Monroe County, by ap-
pointment of the County Court of that county. While
supervising the grading of a certain portion of one of the
main roads of the county, he became involved in controver-
sies with some of the citizens respecting the use of it and
means of travel between the town of Union and another
place called Salt Sulphur Springs, which culminated in the
circulation and filing of the petition to the county court. It
sought the establishment of a temporary road for the use

of the public in lieu of the existing road, while the latter was undergoing improvement, and removal of the road engineer from office for "Incompetency and for misfeasance and malfeasance in office."

Right in the defendant to seek the establishment of a temporary road, by means of a petition to the county court, seems to be admitted, and the charge is that, in the exercise of such right and under cover thereof, he maliciously and wrongfully sought removal of the officer, specifying in the petition several instances of alleged misconduct. This basic proposition is asserted under the impression that the law does not permit a citizen to invoke a proceeding for amotion of a county road engineer, notwithstanding the authority conferred upon county courts to remove such officers, by the statute, Ch. 43, Sec. 37, Barnes' Code of 1918, and that, therefore, the defendant had no right to compose and circulate the petition for signatures and present it to the county court. Though the statute does not prescribe nor expressly authorize such procedure, it confers the power of removal upon county courts, saying such a court may exercise it "upon its own volition or upon complaint by the state road commission."

Under the right of petition guaranteed by the Constitution, Art. III, Sec. 16, any citizen or body of citizens may petition public officers and tribunals for redress of grievances. A citizen and tax-payer has such interest in the public roads of his county and the control, management and improvement thereof as makes incompetence, misfeasance or malfeasance on the part of officers and agents in control thereof, work an injury and grievance to him. He may, therefore, rightfully complain of it to the tribunal appointing such officers and agents and having power to direct and govern their action and to remove them. *White* v. *Nicholls,* 3 How. (U. S.) 266; *Tyree* v. *Harrison,* 100 Va. 540; *Kent* v. *Bongarts,* 15 R. I. 72; *Gray* v. *Pentland,* 2 S. R. (Pa.) 23; *Decker* v. *Gaylord,* 35 Hun. (N. Y.) 584; *Thorn* v. *Blanchard,* 5 Johns. (N. Y.) 508; *Blakeslee* v. *Carroll,* 64 Conn. 223; 18 Am. & Eng. Ency. L. 1040; 25 Cyc. 389, citing numerous authorities.

But the privilege thus allowed is not an absolute one as contended by the attorney for the defendant. It raises a presumption of good faith and lack of malice in the representations made, in consequence of which express malice must be established by allegation and proof, to warrant a recovery. See the authorities just referred to. This declaration expressly alleges malice in all the charges made. The petition was not a pleading filed in a judicial proceeding. The statute confers no right upon citizens to initiate or prosecute a removal proceeding by the suing out of process and filing of pleadings. In the circulation and filing of such a memorial, they exercise only the right of assembly and petition for the redress of grievances and are not deemed to be, in any sense, litigants. *County Court* v. *Armstrong*, 34 W. Va. 326; *County Court* v. *Boreman*, 34 W. Va. 87; *City of Charleston* v. *Littlepage*, 73 W. Va. 156. The spreading of the petition on the record or the filing thereof as. for charges and specifications of grounds of removal was the act of the County Court and did not legally make the petitioners parties to the proceeding. Hence, the principles announced and applied in *Johnson* v. *Brown*, 13 W. Va. 71, and according absolute privilege in some instances, do not apply here.

Although the charges of accusation of criminal offenses, made by way of innuendo in the declaration, are not sustained by the terms alleged to have been used in the petition, the language used there was libelous, if false, for it branded the plaintiff with incompetence in his profession and office, neglect of duty and misconduct. For this reason, it is actionable and an allegation of special damage was not essential to the right of action asserted. Odgers Lib. & Sl., 2, 17, 25, 32, 26 Cyc. 344, 345; 18 Am. & Eng. Ency. L. 942, 949; *Hoyle* v. *Young*, 1 Wash. (Va.) 150.

Though, privilege, whether absolute or conditional, may be proved in actions for libel, under the general issue, the defense may be set up by special pleas, since they are in the nature of a confession and avoidance. *Johnson* v. *Brown*, cited; 1 Chitty Pl. (11th Am. Ed.) 493.

The court overruled several motions to strike out words, phrases and clauses of the plea. Some of the matter thus excepted to constitutes mere surplusage and the residue of

it may not be essential. Under the statute authorizing this form of review, the appellate court is required and empowered only to determine the legal sufficiency of pleadings, process and service. The consumption of time necessary to correction of pleadings as regards form only cannot be deemed to have been within the legislative purpose. We have statutes dispensing with matters of mere form. Surplusage in pleadings is not substantially harmful. If more is claimed than the facts set up confer, the trial court has ample power to limit the parties to their actual rights by its rulings in the course of the trial. For reasons already stated, both the declaration and the pleas are found to be sufficient in law and we are under no obligation to conduct any further inquiries upon this certificate.

*Action of circuit court sustained.*