# CHARLESTON.

## McNair v. Erwin *et als.*

### Submitted May 13, 1919.   Decided May 20, 1919.

1. MALICIOUS PROSECUTION—*Recovery—Malice—Probable Cause.*

    Before a recovery may be had in an action for malicious prose-cution both malice and want of probable cause on the part of the one instituting or instigating the prosecution must be established. The absence of either is fatal to a recovery.   (p. 251).

2. SAME—"*Legal Malice*"—*Compelling Return of Property.*

    By "legal malice," as applied in actions for malicious prose-cution, is meant any sinister or improper motive other than a desire to punish the party alleged to have committed the offense. Where the chief purpose in instituting the criminal proceeding is by such means to compel the return of property claimed by the prosecutor, it is malicious.   (p. 252).

3. SAME—*Motive—Evidence.*

    A doubtful and inconclusive statement of the prosecutor, vaguely testified to by the officer making the arrest, regarding its prob-able effect in compelling restitution of property wrongfully ob-tained is, without more, insufficient to warrant the inference that restitution, not the desire to punish, was the prime incentive for instituting the proceedings.   (p. 252).

4. SAME—*Public Policy—Presumption—Probable Cause.*

    The public policy favors prosecution for crimes and requires the protection of a person who in good faith and upon reasonable grounds institutes proceedings upon a criminal charge. The legal

presumption is that every prosecution for crime is founded upon probable cause and is instituted for the purpose of justice. (p. 253).

5. SAME—*Want of Probable Cause—Discharge on Preliminary Hearing.*

The discharge by a justice of the peace upon the preliminary hearing of one charged with the commission of a crime is prima facie evidence of want of probable cause, but it may be rebutted by proof showing the existence of such cause. The rule is otherwise, however, where the accused is acquitted after a trial. (p. 253).

6. SAME—*Malice—Evidence.*

To defeat recovery in an action for malicious prosecution it is competent to prove conversations between plaintiff and defendants or any of them tending to show their joint and mutual interest in the formation and promotion of a business enterprise for their joint benefit, and like admissions by him to others not so associated relative to the same matter, where the transaction connected therewith was the basis of the criminal charge preferred against him. (p. 254).

Error to Circuit Court, Kanawha County.

Action for malicious prosecution by Xen McNair against J. E. Erwin and others. Judgment for plaintiff, and defendants bring error.               *Reversed and remanded.*

*Lynn & Byrne,* for plaintiffs in error.

*J. Howard Hundley* and *B. J. Pettigrew,* for defendant in error.

LYNCH, JUDGE:

The judgment reviewed for error plaintiff recovered in an action for malicious prosecution. The cause of complaint is the giving of plaintiff's instruction, the refusal of defendants' instructions Nos. 8 and 9, the modification of their instruction No. 7, and the rejection of certain evidence offered by them to sustain the issue in their behalf.

Defendants procured from a justice of the peace of Kanawha County a warrant charging plaintiff with fraudulently obtaining from them $1300 by falsely pretending that he paid for property purchased by him for his and their joint

benefit, profit and advantage $3300, when he paid therefor only $2000. Though som[e]what conflicting and inconclusive, the evidence tends strongly to support the contention of defendants, as they argue, rather than that of plaintiff, that he acted as the agent of all of them in the procurement of a coal mining lease covering land located in Kanawha County, the land then being operated under the terms of the lease. Plaintiff did pay only $2000 for the lease and induced the operating lessees to assign it to him, and he reassigned it to himself and defendants jointly. Each of them, defendants say, was to pay equal parts of the consideration and have an equal interest in the profits to be derived from the prosecution of the mining operations. Defendants furnished and delivered to plaintiff the $3300, the payment of which he induced them to believe represented the amount paid by him to his assignors for the lease, and out of which he actually paid them only $2000 therefor pursuant to the agreement between him and them. Having been discharged upon the preliminary examination before the justice, plaintiff brought this action and prosecuted it to final judgment for $1000 against defendants.

This brief outline of the testimony suffices to comprehend the discussion and decision of the several assignments presented and advocated by plaintiffs in error, defendants below. The only instruction proposed by plaintiff and given, though in part correct in principle, contains a provision or clause not supported, we think, by proof sufficient to warrant its inclusion in the instructions as an element of the right to recover in the action. The objectionable clause informed the jury of their right to award damages against defendants if they believed from the evidence that defendants, without probable cause to believe the plaintiff guilty of a felony and "for the purpose of compelling plaintiff to pay them or either of them any sum of money, instituted criminal proceedings against the plaintiff" etc. The want of probable cause as an element of the recovery was submitted properly to the jury, but unless founded upon satisfactory proof it was error to include in the instruction as an additional element defendants' motives in instituting the criminal proceeding. Two

matters are essential in every action based on malicious pros-
ecution, malice and want of probable cause.   Malice alone or
want of probable cause is insufficient as a ground for the
action.   *Vinal* v. *Core,* 18 W. Va. 1.   The failure to aver and
prove both will defeat the action.   They are essential ingre-
dients of a recovery for malicious prosecution.   The descrip-
tive purpose of the action clearly imports the necessity for
malicious motive and purpose prompting the criminal pro-
ceeding that forms the basis of the action, and "to warrant
recovery in such an action the plaintiff must establish both
malice and lack of probable cause."   *Bailey* v. *Gollehon,* 76
W. Va. 322; *Sudnick* v. *Kohn,* 81 W. Va. 492.

The manifest object in including the statement regarding
motives was to serve as the basis of an inference of a design
on the part of the defendants to use the criminal proceeding
as an agency through which to compel plaintiff to refund the
money fraudulently obtained from them; in other words, that
the prosecution was prompted by unjustifiable motives; in
short, was malicious.   In order that malice may be inferred
from the want of probable cause the circumstances proved
must warrant the implication.   *Southern Ry. Co.* v. *Mosby,*
112 Va. 169.   The contrary of the principle first stated in the
Virginia case is asserted in *Bailey* v. *Gollehon,* cited: "If
there was probable cause, the existence of express malice is
immaterial."   That is, if probable cause existed for the crim-
inal prosecution, it is not material if it was inspired by an
inducement other than for the public good.   The only testi-
mony tending in any degree whatever to justify the inclusion
of the clause in the instruction is the statement of the wit-
ness Martin who arrested plaintiff: "Well, he (defendant
Boykin) went with me down Capitol Street (while searching
for plaintiff), and I don't know but what he said that 'he
thought he would settle as soon as we got him'."   Boykin may
have entertained that motive without being subject to censure.
Not infrequently restitution has terminated the prosecution of
criminal offenders, and the attainment of that object does not
always necessarily show improper motives.   But considered

in the light most favorable to plaintiff, the evidence wholly fails to disclose a wrongful purpose on the part of Boykin and his codefendants in setting on foot the criminal proceedings. The mere statement made to the witness Martin, quoted above, that "he (defendant Boykin) thought he (plaintiff) would settle as soon as we got him," does not necessarily or inferentially show that defendants were actuated by any other motive in prosecuting plaintiff than a desire to bring him to justice. The thought that the return of the money might result from the arrest as an incident thereof is not sufficient to warrant the inference that restitution, not the desire to punish, was the prime incentive for instituting the proceedings. The facts of this case clearly distinguish it from the cases of *Vinal* v. *Core*, 18 W. Va. 1, and *Wadkins* v. *Digman*, 82 W. Va. 623, 96 S. E. 1016, in that respect. In the case last cited defendant admitted that his real purpose was to get possession of his property, a thing for which the law afforded him a civil remedy, and as soon as he obtained it he had nothing more to do with the prosecution, clearly showing that his prime motive was not in the interest of public justice. Besides, according to many reputable authorities, the public policy favors prosecution for crimes and requires the protection of a person who in good faith and upon reasonable grounds institutes proceedings upon a criminal charge. There is also the legal presumption that every prosecution for crime is founded upon probable cause and is instituted for the purpose of justice. *Graves* v. *Scott,* 104 Va. 372, 374; 19 Am. & Eng. Enc. Law (2d Ed.) 650; 18 R. C. L. p. 11; 26 Cyc. 7.

It may be regarded as settled in this state that the discharge by a justice of the peace upon the preliminary hearing of one charged with the commission of a crime is prima facie evidence of want of probable cause, but it may be rebutted by proof showing the existence of such cause. *Vinal* v. *Core,* 18 W. Va. 1; *Fetty* v. *Loan Co.,* 70 W. Va. 688; *Sudnick* v. *Kohn,* 81 W. Va. 492. It is different, however, where the justice actually tries the case and plaintiff is acquitted. *Harper*

v. *Harper,* 49 W. Va. 661; *Catzen* v. *Belcher,* 64 W. Va. 314; *Saunders* v. *Baldwin,* 112 Va. 431.

In the modification of instruction No. 7 we perceive no error working injury to defendants. The propriety of their No. 8 depends upon a just answer to the question whether there was in fact such confidential relation between the parties as requred plaintiff to make full disclosure to his associates of the actual cash consideration paid for the assignment by Rutledge and Simms to him of the lease involved in this controversy. *McKinley* v. *Lynch,* 58 W. Va. 44. Upon this question the proof was conflicting and as an aid in the solution of that conflict we think the instruction ought to have been given. The acts and conduct of the plaintiff in subsequently obtaining from the assignors of the lease a statement that he had paid them $3300 for the assignment, when he had paid them a much less sum, is in itself significant upon the question of intent. Deception was unnecessary if his connection with the transaction was that of a mere dealer in the procurement and sale of the lease, as he undertook to induce the jury to believe and in which effort he seems to have succeeded. The instruction if given would have injected into the case a condition that might have produced a different result.

Though the testimony detailed the same conversation with McNair, no substantial reason warranted the exclusion of Boykin's repetition of a like conversation with plaintiff regarding the arrangement of his purchase for the joint benefit of himself and defendants. It matters not when the conversation occurred, whether before or after the final consummation of the deal. It related to the object of the entire transaction and shows what the parties thereto contemplated from the beginning of the negotiations. This we think should have gone to the jury.

The same error resulted from the refusal to permit the jury to consider the statement of Rutledge as witness for defendants as to what McNair said to him with reference to the interest of the latter in common with defendants in the joint purchase of the lease and operation of the mine. This tes-

timony has an important bearing upon the relation between the parties, the proof of which would tend to show the necessity for a complete disclosure of the price actually paid Rutledge and Simms for the lease. *McKinley* v. *Lynch, supra.* The proffered testimony of the witness Nash concerning his conversation with the prosecuting attorney in regard to the proposed criminal prosecution before the warrant was issued, while not necessary, was not irrelevant. Instead of consulting directly with the state's legal adviser, defendants committed that duty to Nash, and he thereby represented them and to them reported the advise of the attorney consulted by him in their behalf. No sufficient reason appears to us justifying the exclusion of this testimony, and counsel for the plaintiff gives none that is satisfactory or pertinent.

The refusal to permit plaintiff to state on cross-examination whether or not he was informed by the defendant Frank Erwin of the receipt of $2,500 from his codefendant J. E. Erwin to be expended in the purchase of the lease, while perhaps erroneous, was not prejudicial, because other evidence clearly establishes the fact of such knowledge or information. Plaintiff wrote the message in response to which the money was obtained by telegraph, though purporting to be signed by Frank Erwin who authorized his signature thereto, and plaintiff was present and received the money at the hands of the bank officers, and applied $2,000 thereof to the payment of the assignors of the lease.

The errors pointed out require a reversal of the judgment and remand of the case for retrial.

*Reversed and remanded.*