H. A. DOWDY *v.* W. B. REDMOND

(No. 7419)

Submitted April 18, 1933.   Decided April 25, 1933.

(Rehearing denied June 8, 1933)

*John Q. Hutchinson*, for plaintiff in error.
*J. W. Maxwell* and *Kyle D. Harper*, for defendant in error

WOODS, JUDGE:

This is an action for malicious prosecution. H. A. Dowdy prosecutes error from a directed verdict in favor of the defendant, W. B. Redmond.

The declaration charges, among other things, that Redmond appeared before the grand jury at the June, 1931, term of the criminal court of Raleigh County, and then and there falsely and maliciously, without any reasonable or probable cause whatsoever, charged plaintiff with, and caused him to be indicted for grand larceny; that he caused plaintiff to be placed on trial; that he caused special counsel to be employed; and that plaintiff was acquitted.

The gravamen of this action is that a legal prosecution was carried on without probable cause. The law presumes that every public prosecution is founded on probable cause; so the plaintiff must make out a *prima facie* case of want of probable cause before the defendant will be called upon to justify his conduct. *Staley* v. *Rife*, 109 W. Va. 701, 156 S. E. 113. Has the plaintiff borne this burden?

Plaintiff, on September 20, 1930, entered into a written contract with Redmond Maytag Company by W. B. Redmond, its manager, whereby he agreed, in consideration of certain stipulated commissions, to demonstrate, sell and collect payments on washing machines and accessories, to be furnished by the company, and to re-possess machines upon failure of

purchasers to make stipulated payments. He agreed therein to make certain periodic reports regarding sales, collections and location of machines out on demonstration. The contract, after providing that failure or refusal to comply with its provisions by either party shall be sufficient reason for terminating it by the other party and that neither party shall have recourse on the other except to the extent of collecting any money which may be due either party by the other party, recites in the following paragraph that ''It is further agreed that either party may terminate this contract by giving the other party ten days notice of such termination of agreement, same to be written notice.''

It appears that on May 12, 1931, plaintiff was served with a ten-day notice of the termination of the contract. About ten o'clock, Monday morning, May 18th, he was arrested and taken before a justice on a warrant, upon information of W. B. Redmond, charging him with the larceny of a certain washing machine. Upon the hearing, plaintiff was bound over to the grand jury. He was indicted for larceny of the above mentioned machine, tried and acquitted.

According to the plaintiff's testimony, the washer in question was, on May 12th, on demonstration at Shady Springs, Raleigh County; that on the 13th he took it to a man by name of Harmon, in Fayette County, and on the 16th substituted a second-hand machine in its place; that the washer in question was returned to the office of the Redmond Maytag Company between eight and nine o'clock, Monday morning, just prior to his arrest. He states further that he had no notice of the issuance of the warrant until the time of his arrest; that when he was taken to the justice's office he found Redmond there; that Redmond told witness that if he would go to the company's office and settle, they would drop the charge; that he went to the Maytag office; that while there, Redmond again told him if he (witness) would pay, the charge would be dropped; that the witness offered to pay a certain amount but a settlement could not be effected.

Whatever construction may have been placed on the contract by the manager of the Redmond Maytag Company, plaintiff testified that he had been given a ten days' notice under the contract, and contends that he was entitled to commis-

sions on any sales he might be able to make prior to the expiration of such period. There is nothing in the record tending to refute such contention, if, as plaintiff testified, the defendant sought to terminate the contract under the ten-day provision. We find it stated in 18 R. C. L. 53: "That the prosecution was to accomplish some collateral purpose, as for instance, the collecting of a debt, is sufficient to establish a prima facie want of probable cause, and to impose on the defendant, in an action for malicious 'prosecution, the burden of showing that he had a probable cause." This is sustained by *White* v. *International Text Book Co.*, 156 Iowa 210, 136 N. W. 121; *Wenger* v. *Phillips*, 195 Pa. 214, 45 A. 927; note 26 A. S. R. 155. Likewise, the fact that Redmond secured counsel to assist in prosecution is a circumstance to be considered with other facts in determining whether plaintiff has made out a case.

The plaintiff was charged with grand larceny. The foregoing testimony of the plaintiff negatives both larceny and embezzlement of the washing machine in question, in the absence of a showing to the contrary by the defendant. The action of the circuit court was clearly wrong, under the facts presented.

*Reversed; verdict set aside; new trial awarded.*