VAN HUNTER

*v.*

BECKLEY NEWSPAPERS CORPORATION

(No. 9829)

Submitted September 24, 1946. Decided November 19, 1946.

*H. E. Stansbury, D. D. Ashworth* and *J. W. Maxwell,* for plaintiff in error.

*Clay S. Crouse, L. L. Scherer* and *W. A. Thornhill, Jr.,* for defendant in error.

Fox, Judge:

This is an action of trespass on the case, instituted in the Circuit Court of Raleigh County by Van Hunter against Beckley Newspapers Corporation, for its alleged malicious prosecution of a petition seeking a writ of mandamus against Hunter, as Clerk of the Circuit Court of Raleigh County, filed in this Court on the 16th day of March, 1945, growing out of the alleged refusal of Hunter to permit the newspapers corporation to have access to

certain papers in his office, alleged to be public records, in which proceeding the relief prayed for was denied, and the same dismissed.

The plaintiff below, Van Hunter, is Clerk of the Circuit Court of Raleigh County, a position which he has occupied for approximately eighteen years. Beckley Newspapers Corporation owns and publishes two daily newspapers in the City of Beckley. Early in 1945, a dispute arose between the circuit clerk and the newspapers corporation over privileges which the newspapers corporation claimed in relation to access to certain alleged public records preliminary to publishing reports on the same. The dispute reached the point where legal action was resorted to on the part of the newspapers corporation, in the form of proceedings in mandamus as aforesaid, in which it sought the relief mentioned above. There was a full hearing on the matter, and on June 12, 1945, the relief sought was denied. *Beckley Newspapers Corporation v. Hunter, Clerk*, 127 W. Va. 738, 34 S. E. 2d 468.

This suit was instituted in June, 1945, and the declaration filed at July Rules, in which the defendant is charged with having filed a petition in mandamus which "falsely, unlawfully, maliciously and without any reasonable or probable cause whatever, charged that said plaintiff as Clerk of the Circuit and Criminal Courts of Raleigh County, West Virginia, had failed to perform his legal duties" in certain particulars therein set out. On September 10, 1945, the defendant filed his demurrer in writing to plaintiff's declaration, assigning specific grounds, which being considered by the court was overruled. There was pending at that time a notice that a motion would be made to remove the action from the Circuit Court of Raleigh County to another circuit court of the State, under the provisions of Code, 56-9-1. The decision on that motion was continued to a later date, and, on November 28, 1945, along with other matters, was considered by the court. The order entered on that day recited the appearance of the parties by their

attorneys; that the matter of the motion for a removal of the case had been heard on October 17, 1945, upon the petition filed therefor, and the plaintiff's demurrer in writing thereto; and that the said motion was overruled on October 25, 1945. Possibly to secure complete regularity, the petition for such removal, together with the demurrer thereto, was again presented to the court on November 28, and the motion to transfer was again overruled. The defendant then filed its plea of not guilty, whereupon the court proceeded to impanel a jury for the trial of the action, and after their *voir dire* examination and before the jury was sworn to try the case, the defendant moved the court to quash the panel, discharge the same from the trial of the case, and alleged various matters in support of such motion, which motion was overruled. A trial was then had resulting, on December 1, 1945, in a verdict for plaintiff in the sum of three thousand dollars. A motion to set aside the verdict was promptly made, supplemented by the assignment of grounds therefor on December 7, 1945, was on that day overruled, and judgment entered for the plaintiff on the verdict aforesaid. The defendant at all times protected itself against adverse rulings by exceptions taken at the time the rulings were made.

The first question to be considered is whether the trial court erred in refusing to remove the action to another circuit court of the State. The petition filed in support of this motion represents, in substance, that plaintiff, Van Hunter, was then Clerk of the Circuit and Criminal Courts of Raleigh County, first elected in 1928, and reelected in the years 1932, 1938, and 1944; that he personally attends the sessions of the court in the discharge of his duty as clerk; and is astute and skilled in the art of freely mingling and associating with the public, especially with jurors, is attentive to their wants and comforts, accommodating, and from his opportunities has made many close and intimate personal friends, many of whom would be drawn for jury service; that he keeps the roll of the jury during each term of court and memoranda of the time or days of service

of each juror; that he is gracious in his relationship with the public; and is a man of pleasing personality and magnetism. Furthermore, that as clerk of the said courts he has charge of the jury lists; convenes the jury commissioners; and keeps the record of the drawing of jurors; assists commissioners in drawing jurors, has charge of the records in relation to juries, both before and after the trial of cases; that because of his intimate relationship with jurors and the jury system in the Circuit Court of Raleigh County is in a position to exercise influence over the trial of cases, especially cases in which he might be a party litigant; and that his position as such clerk operated to his advantage in any such litigation, and that a fair and impartial trial of the case now at bar could not be had in the Circuit Court of Raleigh County. The motion to quash the panel was made on two grounds: (1) That plaintiff had been seen conversing with jurors then attending the court; and (2) that he had advanced money to one of such jurors, though none of them was called on the panel in this action.

We think the motion to quash the panel was properly overruled. The motion was supported by the affidavit of one of counsel for defendant, and the juror to whom plaintiff had advanced money was examined in open court, as was the plaintiff himself. The conversation between plaintiff and the two jurors was satisfactorily explained, as was the custom of advancing money to jurors, and it must be remembered that none of these jurors was called on the panel in this case. The trial court in the exercise of his discretion did not think the conduct proved justified quashing the panel, and in this ruling we agree.

But we think the facts proved in connection with the motion to quash the panel, together with the allegations of the petition for removal of the action to another circuit court of the State, raises a serious question involving the integrity of juries, which hear cases in the courts of this State. If there is one principle firmly

imbedded in our jurisprudence, it is that the processes of the courts must be maintained to the highest point of integrity, and free from abuse. Unless that principle is rigidly maintained, courts of justice will become the subject of suspicion, and one of the bulwarks of our governmental system will be thereby undermined. A clerk of a circuit court, under our system, is closely connected with the selection of jurors from the very time they are gathered from the body of the citizenship of a county, up to the time when they are called on a panel for the trial of a case. An examination of Article 1, Chapter 52 of the Code will illustrate this connection, and it is unnecessary to go into detail on this point. Under a rule adopted by this Court, effective as of June 1, 1945, the clerk is given power to call jurors to the panel for the trial of a case. It is presumed that in this case the drawing of the jury in the trial was not conducted by the clerk in person, although the record does not clearly so show; but even so, the jury list was at all times in the charge of the clerk, and had been for months, and possibly years; because under our system, the names selected and placed in the jury box are, in some instances, not drawn for months or years thereafter. This necessary control creates a situation which can only be relieved against by a resort to Code, 56-9-1, providing for the removal of causes. In this case, there has been no showing, or even charge, of any misconduct on the part of the circuit clerk, or any officer of the court, in connection with this trial; but that is not the point. The opportunity for misuse of power exists, and a public official should never be subjected to the temptation to use his power for his own benefit. Moreover, an important principle is involved, and the case under consideration gives us the opportunity to question the propriety of the trial of a case in any county of this State where the circuit clerk of such county is directly interested as a party litigant.

We attach no importance to the allegations of the petition for change of venue, which set up the popular-

ity of the plaintiff in his county; his efficient discharge of the duties of his office; his gracious and accommodating nature; and the various acts of kindness which ordinarily endear a man of that type to the public at large. A person who has attained that reputation in his community should not be punished therefor; but, on the other hand, to avoid the very appearance of unfairness, we think it important that there be established a strict rule against any conduct of a public officer which may create even a suspicion that his official position is or can be used to his personal advantage. While it is a question of first impression in this State, it has been considered in other jurisdictions. In *Compton v. Commonwealth,* 163 Va. 999, 175 S. E. 879, it was held that: "Employment of private prosecutor in murder prosecution by clerk, who was present when jury was drawn, and sheriff, who served summons and to whose charge jury were committed, *held* error and to require setting aside verdict of guilty, in absence of refutation of presumption of prejudice created thereby, though accused did not show lack of knowledge of officers' actions until after verdict." This, of course, was a criminal case, where the rule would naturally be more strict than in a civil case, but the interest of the clerk was less direct than in the case at bar. In 31 Am. Jur., 614, it is stated: "A challenge to the array or panel will lie on the ground that the venire of the jurors was summoned by an officer who was disqualified by reason of *disinterest,* bias, or prejudice. A challenge to the array lies where the summoning officer is a party to the action or proceeding, has an interest in other land under the same title that is in controversy, or is related within a prescribed degree to the party to the action; or where the sheriff is a party to a pending action and participates in the drawing of the jury list." See also *Woods v. Rowan,* 5 Johnson's Rep. (N.Y.) 133; *Munshower v. Patton,* 13 Am. Dec. 678; *Jones v. Woodworth,* 24 S. D. 583, 124 N. W. 844; 35 C. J. 276. As showing the disposition of this Court in kindred matters, we are pointed to the criticism of the conduct of a circuit

clerk in the recent case of *Jones v. Ambrose*, 128 W. Va. 715, 38 S. E. 2d 263, where the clerk, not .a party to the litigation, advised counsel for one of the parties, in the presence of the jury, and was rebuked by the trial court. We are convinced here that the trial court believed that a fair jury had been selected, and that the defendant was given a fair trial; but inasmuch as this case must be reversed on other grounds, we have, after mature deliberation, come to the conclusion that where a clerk of a circuit court is a party to litigation, in his private capacity, in his own court, in a suit or action which requires the submission of the matters in difference to a jury, the cause should not be tried in that court by reason of the very close and intimate connection which a circuit clerk necessarily has in the selection of juries. On this ground, and this ground alone, we think the trial court should have sustained defendant's motion to remove the action to another . circuit court in this State. In making this ruling we are not unmindful of the fact that a logical extension of the rule we announce would prevent trials of jury cases in a court where the clerk or any close relative had a direct or indirect interest; but we do not go that far. Practical consideration precludes such a rule. We mean to confine the application of the rule to cases where the clerk is a party to the litigation.

On the merits of the case, we will first discuss the rules governing an action for malicious prosecution. It is fundamental that a corporation may, directly or through its agents, be held liable for malicious prosecution. *Show v. Mount Vernon Farm Dairy Products, Inc.*, 125 W. Va. 116, 23 S. E. 2d 68; *Meadows v. Corinne Coal & Land Co.*, 115 W. Va. 522, 177 S. E. 281; *Fetty v. Huntington Loan Co.*, 70 W. Va. 688, 74 S. E. 956. It is also fundamental that in such action it must be alleged and proved that the prosecution complained of was instituted with malice, and without probable cause.

One of the first cases in this State on this subject is *Vinal v. Core & Compton*, 18 W. Va. 1, wherein it was

held that the existence or nonexistence of malice was a question for jury determination; and in *Show v. Mount Vernon Farm Dairy Products, Inc., supra,* probably the latest case decided by this Court on the question, we held that in an action for malicious prosecution, the giving of an instruction which permitted the jury to find against the defendant, without showing lack of probable cause for the prosecution, and malice in connection therewith, was prejudicial. A multitude of cases could be cited in support of these propositions, but they are so closely connected with probable cause that they will be cited when we come to discuss that feature of the case. However, the following cases may be of interest: *Lyons v. Coal Co.,* 75 W. Va. 739, 84 S. E. 744; *Finney* v. *Zingale,* 82 W. Va. 422, 95 S. E. 1046; and *Radochio v. Katzen,* 92 W. Va. 340, 114 S. E. 746.

There must also be established by a preponderance of the evidence, want of probable cause for the institution and prosecution of the suit, action or proceeding complained of. The burden of establishing the want of probable cause is on the plaintiff. The existence or nonexistence of probable cause is a mixed question of law and fact. The question generally arises where there has been a criminal prosecution, and in such cases considerations of public policy support the theory of a presumption in favor of there being probable cause to warrant the prosecution. Generally, however, the same rule applies to civil and criminal cases. In *Hale v. Boylen,* 22 W. Va. 234, Judge Green speaks of the "weak presumption that exists in every case, that every public prosecution is founded on probable cause * * *". This theory is supported by *McNair v. Erwin,* 84 W. Va. 250, 99 S. E. 454, wherein it is held that, "The public policy favors prosecution for crime and requires the protection of a person who in good faith and upon reasonable grounds institutes proceedings upon a criminal charge. The legal presumption is that every prosecution for crime is founded upon probable cause and is instituted for the purpose of justice"; and this rule is

followed in *Staley v. Rife*, 109 W. Va. 701, 156 S. E. 113. While there is no public policy existing as to alleged malicious prosecution of civil suits, actions or proceedings, it was held in *Porter* v. *Mack*, 50 W. Va. 581, 40 S. E. 459, a case growing out of the prosecution of a civil proceeding that "on the question of probable cause the facts and circumstances, knowledge and information, must be viewed from the standpoint of the defendants, and not that of the plaintiff, and if they in good faith, being men of ordinary prudence, entertained the reasonable belief that it was their duty to institute and maintain the proceedings complained of, they cannot be held liable therefor in an action on the case in the nature of a conspiracy for malicious prosecution." The existence of malice will not import want of probable cause. Malice alone, or want of probable cause alone, is insufficient as a ground for the action. Both malice and want of probable cause must concur. *Vinal v. Core, supra.* The failure to aver and and prove both will defeat the action. They are the essential foundations of a recovery for malicious prosecution. *McNair v. Erwin, supra.* Accord: *Sudnick v. Kohn*, 81 W. Va. 492, 94 S. E. 962; *Donally v. Fairmont Brewing Co.*, 87 W. Va. 494, 105 S. E. 778; *Bailey v. Gollehon*, 76 W. Va. 322, 85 S. E. 556; *Radochio v. Katzen, supra.*

It is not necessary to go farther in a discussion of this point, but the following cases may be of interest: *Hancock* v. *Mitchell*, 83 W. Va. 156, 98 S. E. 65; *Wilmer v. Rosen*, 102 W. Va. 8, 135 S. E. 225; *Staunton v. Goshorn*, 94 F. 52; *Surety Co. v. Page*, 58 F. 2d 145; *Spengler v. Davy*, 15 Gratt. 381; *Freezer v. Miller*, 163 Va. 180, 176 S. E. 159; *Loan Co. v. Dahn*, 166 Va. 472, 186 S. E. 45; *Page* v. *Wilson*, 168 Va. 447, 191 S. E. 678; Restatement — Torts, Chapter 30, Sections 675, 676, pages 447 and 451.

In the case at bar there is, in our opinion, not sufficient evidence to establish either malice or want of probable cause in the institution or the prosecution of the mandamus proceeding here involved. Plaintiff in

this action is a public officer, a servant of the residents of Raleigh County, subject to their criticism, and to such control as the law imposes upon him in the performance of his official duties. A dispute arose between plaintiff and a corporation which publishes two reputable newspapers of wide circulation in Raleigh County, and elsewhere, with respect to the privilege claimed by the newspapers to acquire information from the records and files of the circuit clerk's office in relation to official business transacted in said office, with a view to publishing the same. The record discloses that both parties to the dispute attempted to reach a settlement without resort to the courts, and that this attempt failed. The mandamus proceeding followed. The fact that plaintiff in that proceeding failed in his purpose, does not, in any way, determine the question whether he had probable cause to prosecute the proceedings. There is and was at that time in existence a statute, Code, 51-4-2, which provided that "* * * the records and papers of every court shall be open to the inspection of any person, and the clerk shall, when required, furnish copies thereof, except in cases where it is otherwise specially provided." The principal controversy in the mandamus proceeding was over the legality of the admitted act of the clerk in refusing access to a certain præcipe book, particularly with reference to institution of divorce suits. The plaintiff in the mandamus proceeding was, in view of the statute quoted above, clearly within his rights in contending that this particular book was a public record, and therefore, within the provisions of the statute aforesaid. The fact that this Court held that that book was not a public record, and that the newspapers corporation was not, under the statute, or otherwise, entitled to access to it, was merely the fortune of litigation; and, as we see it, the newspapers corporation was not at fault in seeking through legal processes, a determination of the question involved in that proceeding. As we have stated above, there must be both malice and want of probable cause to sustain this action and, in our judgment,

the trial court should have held, as a matter of law, that neither malice nor want of probable cause had been established in the case. While the question of malice is ordinarily one for the jury, and the question of want of probable cause is a mixed question of law and fact, as to both elements the finding of a jury is subject to the control of the trial court. "In an action of malicious prosecution, the question of the existence or absence of probable cause, upon admitted facts, is a question of law for the trial court." *Dowdy v. Redmond,* 113 W. Va. 774, 169 S. E. 477.

We do not understand that the propositions above announced are seriously contested; but it is contended by counsel for plaintiff below, defendant in error here, that the manner in which the mandamus proceeding was prosecuted renders the newspapers corporation liable. The manner in which the mandamus proceeding was prosecuted certainly cannot affect the question of want of probable cause. Its only effect would be its bearing upon the question of malice. As we have stated above, malice alone is not sufficient; therefore, whatever may have been the intent of the newspapers corporation toward respondent in that proceeding, that intent, alone, even though malicious, is not ground on which the present action can be sustained.

Our attention is called to the allegation contained in the petition in the mandamus proceeding, wherein it is charged that, "Van Hunter, Clerk of the Circuit Court of Raleigh County and Clerk of the Criminal Court of Raleigh County, has become arrogant in manner and drunk with power due to the fact that he has been re-elected for several terms, and has without just cause" performed certain acts in the petition particularly set out; particular stress is laid upon the charge that he had become "arrogant in manner and drunk with power." These allegations were not necessary to relator's case in the mandamus proceeding, but they are not such words as would lay the foundation for an action of libel or slander, under Code, 55-7-2, and they afford

no basis for any charge of the improper use of the court's processes.

Other evidence that the relator in the mandamus proceeding was neither malicious, nor was there want of probable cause, is that it did not proceed until it had obtained the advice of counsel. In 34 Am. Jur., 747, it is stated: "It is the general rule, in the absence of any statutory provision to the contrary, that advice of counsel is a complete defense to an action for malicious prosecution where it appears that the prosecution was instituted in reliance in good faith on such advice, given after a full and fair statement of all the facts to the attorney. This is true whether the advice was sought in respect of a civil action or a criminal prosecution"; and following this quotation there is a rather full discussion of the question. In this State the rule is: "In an action for malicious prosecution, where the defendant relies on advice of counsel to justify his institution of the legal proceedings alleged to have been malicious, he must show not only that he consulted a competent lawyer, to whom he made a full and accurate statement of all the material facts, but also what facts were disclosed to counsel, and that he thereafter instituted such proceedings in good faith in reliance on counsel's advice. *Wilmer* v. *Rosen, supra.* See also *Forbes v. Hageman,* 75 Va. 168; *Wardrobe Co. v. Normandy,* (Va.), 163 S .E. 355. The record discloses that, prior to the institution of the mandamus proceeding, the newspapers corporation first consulted its regular counsel, who endeavored to compromise the differences as aforesaid, and that this consultation was followed by the employment of reputable counsel in the City of Charleston, who testified in the case, and from whose testimony it appears that the facts of the case, on which the mandamus proceeding was instituted, as reported to that counsel, corresponded closely to the facts developed on the trial of the mandamus proceeding. It is clear to us that the facts concerning the dispute were fully and accurately stated by the newspapers

corporation to its counsel, and on their advice the mandamus proceeding was instituted.

Another question is raised. It is contended by plaintiff in error, that an action for malicious prosecution cannot be maintained for the prosecution of a civil action, where the plaintiff has not been arrested, held in bail, or his property attached, or some other trespass inflicted on himself or his property. There is persuasive authority which supports this contention. In 34 Am. Jur. 707, it is stated: "In this country, while the institution of a civil suit maliciously and without probable cause is generally considered to constitute a sufficient basis for an action for malicious prosecution at the instance of one who has suffered special damage, the authorities are in conflict as to whether the law will afford redress without reference to any inquiry touching the seizure of property, the arrest of the person, or other special circumstances. One line of decisions, following the English doctrine, holds that in such cases the successful defendant has no remedy, despite the fact that his antagonist prosecuted against him maliciously and without probable cause. * * * Other courts, however, reject this view and hold that for the malicious prosecution of a civil action without probable cause, the plaintiff therein is answerable to the defendant, even though the latter was not arrested and his property rights were not interfered with in any manner. * * *". The question is discussed in Restatement of the Law — Torts, Chapter 30, Sections 674-6. See also *Peckham v. Finance Co.,* 48 F. 2d 1016; *Surety Co. v. Page, supra; Jerome v. Shaw,* L. R. A. (N. S.) 1917-B 749; *Tribune Co. v. Bruck,* 61 Ohio St. 489, 56 N. E. 198. In 34 Am. Jur., 761, it is stated: "The general rule is that the plaintiff in an action of malicious prosecution may recover all such damages as are the natural and probable consequences of the action complained of. Ordinarily, recovery may be had for damages to the plaintiff's fame or reputation, to his person, or to his property; it has been held that the action is maintainable if, and only

if, the resultant injury falls within one or the other of these three heads." We think the case at bar is not a case where there has been any damage to plaintiff's person, his property or his reputation; but we are unwilling to hold that malicious prosecution of a civil action may not, in some circumstances, result in damage to the reputation of the person against whom the prosecution is maintained. Here, there was merely a contest over the interpretation of the law, respecting the right of a citizen to have access to the public records of his county. Neither the clerk of the circuit court, nor any other public official, having records in charge, has any personal right in those records. He holds them in trust for the convenience of the public. That he is required by a court of competent jurisdiction to treat those public records in a particular way, whether or not that requirement conforms to his individual view, is not a matter which affects his reputation or causes him damage of any character.

Considering the record as a whole, we are of the opinion (1) That the trial court should have removed this action to another circuit of this State; and (2) not having done so, it should have sustained the motion of the defendant, made at the end of the introduction of all the evidence in behalf of both plaintiff and defendant, for a directed verdict in its favor.

We therefore reverse the judgment of the Circuit Court of Raleigh county, set aside the verdict, and remand the case for a new trial.

> *Judgment reversed; verdict set aside; new trial awarded.*