# CHARLESTON.

JOHN LENHART v. KEYSTONE COAL & COKE COMPANY.

Submitted February 3, 1920.     Decided February 10, 1920.

1. MALICIOUS PROSECUTION—*Party Instituting Prosecution Liable for Injury by Officer Acting Under Warrant.*

   As a general rule one who sets a prosecution in motion by suing out a warrant and placing it in the hands of an officer is legally liable in damages for any injury done to another by the officer under authority of the writ. (p. 522).

2. SAME—*Want of Probable Cause and Malice Necessary; Inference from Want of Probable Cause is Rebuttable.*

   In an action for malicious prosecution, to recover, the plaintiff should show want of probable cause and malice; and while malice may be inferred from want of probable cause, the inference is not a necessary one; it may be rebutted from the facts and circumstances of the case. (p. 522).

3. SAME—*Want of Probable Cause. and Malice for Jury.*

   Where on the trial of such an action the evidence of want of probable cause and of malice is substantial, the question of fact should be submitted to the jury. (p. 522).

Error to Circuit Court, McDowell County.

Action by John Lenhart against the Keystone Coal & Coke Company. From a judgment directing a verdict for defendant, plaintiff brings error.

*Reversed and remanded.*

*Strother, Taylor & Taylor,* for plaintiff in error.
*Anderson, Strother, Hughes & Curd,* for defendant in error.

MILLER, JUDGE:

In a case of alleged malicious prosecution the question presented for review is whether the court below erred in its final judgment striking out plaintiff's evidence and directing a verdict for defendant.

The evidence applicable to the pleadings as amended during the trial was that, in August, 1915, the defendant company through its superintendent sued out of the office of the recorder of the town of Keystone, in McDowell County, under the provisions of chapter 155 of the Code, a search warrant to search certain premises of the plaintiff with a view to locating certain copper wire said to have been stolen from the defendant company. The writ was lost, but its contents were proven to have been substantially in the form and directed as required by the statute, commanding the officer to search the place designated, seize the property alleged to have been stolen or other things if found, and to bring the same and the person in whose possession they should be found before the officer having cognizance of the case. Plaintiff also proved that a police officer in company with the superintendent of the defendant visited plaintiff's place of business and there found certain copper wire, which plaintiff explained he had purchased from a small boy, whose name he gave the officer, in company with another boy, who represented they had gotten the wire, not from the defendant's property, but at another place where they had been working. On this representation the officer in charge of the warrant was instructed by defendant's superintendent not to take the property or make the arrest until further investigation, and no arrest was then made nor the property so found taken away until some time thereafter, and after the officer had seen the boys and was told by them that they had not sold the copper wire to plaintiff. Relying on this information and without seeing or consulting defendant or its superintendent, the officer arrested the plaintiff on a Saturday and confined him in the city jail, where he remained until the following Monday. On learning of the arrest and that the boys, after the arrest, had confessed to the taking of the copper wire from the defendant company and selling it to the plaintiff, the superintendent directed the pro-

ceedings to be dismissed and the plaintiff discharged, and he was discharged, although the recorder's docket showed no record of the proceedings, either of the issuance of the warrant or of return thereof, or of the discharge of the prisoner. The evidence showed that plaintiff was a small junk dealer, or at least that he had two small places where he stored junk, though he had no license, and that on a former occasion the defendant company had located a piece of machinery called a valve in the possession of the plaintiff; and this fact seems to have been relied upon to justify the search of plaintiff's premises to locate the stolen copper wire. This was substantially all the evidence relied on to prove the want of probable cause and malice necessary to plaintiff's recovery.

Counsel for defendant urge that the judgment below ought to be affirmed, on the ground that there was no evidence of unlawfully suing out or irregularity in the search warrant, and that the warrant did not show that plaintiff was directly accused of larceny of the goods stolen. The declaration is in three counts; each may be subject to the same criticism as to its averments; but we think it is sufficiently certain in each count to make out a case of the wrongful suing out of the warrant without probable cause and of malice. The fact that the warrant did not directly accuse the plaintiff of theft of the goods, is unimportant. The gravamen of the complaint is that under this warrant plaintiff might be, and in fact was, deprived of his liberty, and if done without probable cause and maliciously, his right of recovery would be clear.

Another preliminary question urged by counsel to support the judgment is that the officer being instructed by the superintendent of defendant company not to make the arrest until further investigation acted without authority in taking plaintiff into custody without further direction; but we think the warrant having been sued out by authority of defendant, and placed in the hands of the officer, the defendant was legally responsible for anything done by the officer under authority of the warrant. This at least is the holding of the court in *Lyons v. Davy-Pocahontas Coal Co.,* 75 W. Va. 739.

The law in cases of this kind is well settled in this state as in other jurisdictions, that it is prerequisite to recovery that

want of probable cause and malice concur, · and that the jury may infer malice from want of probable cause, but it is not a necessary inference, it may be rebutted or overcome by the facts and circumstances in the case. Want of malice shown will defeat recovery, though there be want of probable cause. *Lyons* v. *Davy-Pocahontas Coal Co., supra; Catzen* v. *Belcher,* 64 W. Va. 314; *Porter* v. *Mack,* 50 W. Va. 581; *Bailey* v. *Gollehon,* 76 W. Va. 322. Plaintiff relies largely on his discharge without prosecution by the defendant as proof of want of probable cause; but as these authorities hold, this is not conclusive on either the question of probable cause or of malice. Whether the defendant or its superintendent had any reasonable ground for accusing the plaintiff as the search warrant implied, is a question of fact not so very well developed. There was a little evidence, as already noted, of the finding by defendant of a piece of machinery in plaintiff's place of business, but there is no evidence of what other grounds, if any, defendant may have had. Defendant seems to have acted with some precaution, and at the time of suing out the warrant neither allowed plaintiff to be arrested nor the property found to be taken out of his possession until about the time the arrest was subsequently made.

On the question of malice the evidence was indeed very slight. There is some evidence that when the proceedings were ordered dismissed, the reason for so doing was that they involved the small boys of good parentage in the community, and that it was not out of consideration for the plaintiff. Of course this is a slight circumstance, which might or might not, in the minds of the jury, indicate some ill feeling toward or lack of consideration for the plaintiff. As was said in the Mack case, the parties acting in good faith and without malice have the right to pursue the remedies given them by law for the protection of their person and property without being liable in damages to another who may be affected thereby. It is only when in doing so they act maliciously that the law imposes liability upon them.

Our conclusion is that on both questions, want of probable cause and malice, the case should have gone to the jury. We therefore reverse the judgment and remand the case for another trial.

*Reversed and remanded.*