## CHARLESTON.

ALFRED H. DONNALLY v. FAIRMONT BREWING COMPANY.

Submitted January 18, 1921.    Decided January 25, 1921.

1. MALICIOUS PROSECUTION—*Malice and Want of Probable Cause Essential.*

   Before a recovery may be had in an action for malicious prosecution, both malice and want of probable cause on the part of the one instituting or instigating the proceeding must be established. The absence of either is fatal to a recovery. (p. 497).

2. SAME—*Granting of Temporary Injunction Prima Facie Evidence of Probable Cause.*

   The action of the court in granting a temporary injunction upon motion of the plaintiff in the suit complained of as malicious, constitutes prima facie evidence of the existence of probable cause, for the reason that it required the showing of a prima facie case to obtain such injunction. The presumption, however, may be rebutted by evidence showing want of such cause. (p. 498).

Error to Circuit Court, Marion County.

Action by Alfred H. Donnally against the Fairmont Brewing Company in trespass on the case for malicious prosecution or abuse of process. Judgment for defendant on a directed verdict, and plaintiff brings error.

<em>Affirmed.</em>

*S. H. Butcher* and *Showaller & Frame,* for plaintiff in error.
*Henry S. Lively,* for defendant in error.

LYNCH, JUDGE:

Denied the right to submit for the consideration of the jury impaneled to try the cause certain evidence offered by him, Donnally, plaintiff below, seeks reversal of the judgment rendered against him upon a verdict directed by the trial court. The action is trespass on the case for malicious prosecution or abuse of judicial process.

The defendant, Fairmont Brewing Company, a corporation, upon a bill in chancery filed in the intermediate court of

Marion County obtained an injunction to inhibit and restrain Donnally and Baltimore & Ohio Railroad Company, defendants therein, from carrying into effect a contract between them for the construction of a lateral switch connecting with the Belt Line Railroad, a local line about one mile long, furnishing shipping facilities for freight to and from the place of manufacture to the main depot of the Baltimore & Ohio Railroad Company, in lieu of less convenient methods of transportation, the purpose of the proposed switch being to afford Donnally like shipping facilities for material to be used in the manufacture of oil well supplies, among other like or similar articles of trade or commerce, and for products manufactured by him at his machine shop located on his lot on Fifth Street in the city of Fairmont and opposite the lot owned by Fairmont Brewing Company, also served by the Belt Line then in operation.

The injunction awarded April 26, 1912, continued in force until sometime in the month of September, 1915, when it was dissolved by order of the intermediate court upon the answers and motions of the defendants, but again ipso facto reinstated by an appeal to the circuit court of the county, where the cause remained without further attempts on the part of plaintiff or defendants to mature or otherwise speed the cause for final hearing until June 25, 1917, when the injunction again was dissolved, this time by the circuit court, and the bill dismissed. The Brewery Company then petitioned this court for an appeal and supersedeas from the decree, and this petition was refused October 16th of the same year.

Though there are several assignments of error, it is necessary, because of the conclusion reached upon the merits of the case, to consider only those relating to the refusal of the court to admit evidence offered by plaintiff as a witness in his own behalf upon certain items of damages for the injury sustained by him set out in his bill of particulars. These are: (1) Moneys expended in defending the injunction suit; (2) loss sustained in the sacrifice of machinery in his manufacturing plant and closing of the plant as the immediate consequence of the injunction order; (3) loss of profits from sales of coal minable on the lot, owned by him during the pendency of the order,

when the prices were highest; (4) interest paid on Hite debt, the discharge of which was prevented owing to the litigation referred to; (5) loss of storage rentals due to his being deprived of the railroad facilities contemplated by the construction of the proposed switch connection.

As plaintiff offered no proof to sustain his claims for the allowance of damages for items 1 and 4, no comment as to them is required.

The first question propounded and not permitted to be answered was: "What was the value of that machinery?", that is, lathes, planer, drill, brace, boiler, engine, various small tools, steam hammer, and forges, contained within the building owned by plaintiff and used in the business conducted by him. This is the machinery referred to in item 2 as having been "sacrificed" by plaintiff because of the injunction order, that is, sold under compulsion presumably at a price less than its true value. The second question likewise relates to item 2. After saying he was greatly damaged by the restraint due to the continued pendency of the injunction, Donnally was asked to state "in what manner you have been damaged." In neither instance was there a profert or notation upon the record of the purport of the information sought to be elicited or of the fact sought to be established, without which there is no basis for determining the materiality of the expected answer. *Sayre* v. *Woodyard,* 66 W. Va. 288; *Walker* v. *Strosnider,* 67 W. Va. 39.

The third question propounded and not permitted to be answered relates to the third specification of damages contained in the bill of particulars, namely, the alleged loss sustained by plaintiff due to inability to market coal which he could have mined from his lot during the existence of the restraint, had the facilities for shipment been available. The objection, sustained, to this question is twofold: First, want of averment in the declaration sufficient to warrant proof of such damage; second, its speculative character. The declaration is broad enough to permit the introduction of the proffered proof, if admissible. For, besides averring great expense and cost in defending the suit so instituted against plaintiff, he professes to have "been prevented from shipping valuable coal deposits on

his said premises," to his great injury and damage. For reasons later appearing, it seems wholly unnecessary to enter upon the second phase of the objection, and we dismiss it with the mere observation that it does appear to be subject to the criticism urged against it. The notation discloses a highly speculative claim, and there is in the record no offer to furnish a substantial basis for the definite computation of the loss, if any, sustained by plaintiff in being deprived of coal sales.

The fact sought to be proved by the fourth question, relating to the second item of the bill of particulars, was the extent of the interference with the usual method of conducting plaintiff's business and of the damage occasioned thereby. The objection based upon the insufficiency of the pleading to permit an answer to this question seems to be futile, as the declaration does aver that, by being deprived of the proper and lawful use of his premises, and compelled to close his machine and blacksmith shop and sell his machinery at less than its true value, he has suffered the loss of substantial profits. But, as said, he did not furnish other data than that indicated by the profert, which is very indefinite. Whether the damages thus sought to be proved were speculative or not there is not in the record proof sufficient to show. The same observations apply with equal force to the fifth and last question. It relates to the loss of storage, as to which there is not, as defendant rightly insists, any averment in the declaration warranting such proof.

There is, however, an insuperable impediment, not surmounted or attempted to be surmounted, the interposition of which justifies the direction of the verdict. While the declaration avers malice and want of probable cause, plaintiff made no effort to show either malice, ill will, or malicious motives, or want of such cause. These are vital in actions based on malicious prosecution. Without establishing both by proof sufficient to warrant a verdict and judgment in such actions, there can be no recovery. *Sudnick* v. *Kohn,* 81 W. Va. 492; *Finney* v. *Zingale,* 82 W. Va. 422; *McNair* v. *Erwin,* 84 W. Va. 249; *Lenhart* v. *KeKystone Coal & Coke Co.,* 85 W. Va. 520. No testimony was offered to show the existence of either express or implied malice or want of probable cause. The only

proof plaintiff introduced was the record title of himself and of defendant, only part of the decrees in the injunction suit, the realtive location of the two properties, the business engaged in by him on his lot, the contract to build the switch, the length of the Belt Line, the factories served by it, and propounded the interrogatories to show resulting damage, to which answers were not permitted to be made; and defendant on cross-examination exhibited copies of other decretal orders entered in the proceedings in equity, and when plaintiff rested, moved to exclude the evidence and to direct a verdict in its favor. This proof discloses no improper motive or intention to inflict a wanton injury on Donnally.

Minutes of the proceedings in the equity suit do not alone furnish the basis of an inference of malice, and the final determination of that suit by a dissolution of the restraining order and dismissal of the bill and the unsucessful application for an appeal do not suffice to show want of probable cause. These, considered in connection with other facts and circumstances not disclosed, and not being disclosed, presumably non-existent, might establish the absent material ingredients of malicious prosecution. While it is incumbent upon a plaintiff, in an action to redress an alleged wrongful and malicious prosecution of a civil judicial proceeding, to show its final termination in his favor, that fact alone, when shown, does not avail as proof of malice or the absence of a justifiable cause. If that were so, every unsuccessful suit in equity or action at law would subject the plaintiff therein to liability for damages, whatever motives may have prompted him to institute and prosecute it. To sanction such a doctrine would be monstrous, because it often would deter resort to courts for the redress of grievances, In this case a preliminary injunction was granted to the plaintiff in the suit complained of as malicious, and at least one motion to dissolve it was overruled, and that action by the court constitutes prima facie evidence of the existence of probable cause, for the reason that it required the showing of a prima facie case to obtain such injunction. *Burt* v. *Smith,* 181 N. Y. 1; 25 R. C. L. pp. 41-42. Of course such presumption is not conclusive and may be rebutted. Our cases holding that the discharge by

a justice of the peace, upon a preliminary hearing, of one charged with the commission of a crime is prima facie, though rebuttable, evidence of want of probable cause (*McNair* v. *Erwin,* 84 W. Va. 249), have no application to this case.

Our order, therefore, will affirm the judgment.

*Affirmed.*