## SALVAGE PROCESS CORPORATION et al. v. ACME TANK CLEANING PROCESS CORPORATION.

### No. 191.

Circuit Court of Appeals, Second Circuit.

Dec. 7, 1936.

W. Hastings Swenarton, of New York City, for appellant.

Samuel E. Darby, Jr., and Darby & Darby, all of New York City, for appellees.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal by the defendant from an injunction, pendente lite, upon claim one of patent No. 1,405,173, issued on January 31, 1922, to H. J. Wheeler; upon claims one and two of patent No. 1,894,234, issued January 3, 1933, to G. R. Engstrand; and upon claim five of patent No. 1,964,726, issued on July 3, 1934, to the same Engstrand. All three patents relate to a method of pumping oil sludge or sediment from the bottom of a ship over the side into a barge.

Wheeler's Patent.

Wheeler's claim one is for the method of sucking the sludge through a pipe-line into the barge by "creating a high vacuum * * * and admitting air in small quantities into the suction end of the conveying pipe to emulsify said material." It takes advantage of the well-known law of physics that, although by direct suction the lift of water is limited even at sea levels to only thirty-four feet, much higher lifts are possible if the sucked-up column is broken by the admission of air. Such a method was for example disclosed by Schutte, in patent 248,355 of October 18, 1881. That discovery was never, however, applied to the elevation of sludge from the bottom of a ship, and Judge Campbell held the patent valid in the year 1924, not for the new use, but because the sludge was "emulsified." Wheeler's apparatus is extremely simple; the suction end of the line is completely immersed in the sludge, an ordinary reciprocating pump creates suction in receiving tanks on the barge alongside, and a valve near the intake is kept open to mix air with the column of sludge soon after it enters the line. The defendant has an apparatus in gross outline like Wheeler's, but without any valve for the admission of air; the plaintiffs' theory is that it accomplishes the same result by only partially submerging the nozzle. Upon the barge alongside is a duplex pump near the discharge end, and a steam evactor pump, leading off from the pump's receiving chamber to an exhaust tank, creates the vacuum in the receiver and in the line. The defendant's affidavits—which on application for injunction pendente lite must be taken as true—are not altogether clear about the degree of vacuum so attained in the receiver. We read them as meaning that it never gets higher than ten inches, but it is possible that this figure should be twelve; in any event it is not the vacuum of at least twenty-five inches, prescribed by Wheeler in his specifications (page 2, lines 6–10). The defendant can work with so low a vacuum —indeed it says it cannot use a higher one—only because it does not wholly depend upon it. Near the intake end of the pipe is a steam jet, which sucks the sludge till it passes, and pushes it forward after it has done so. The defendant says that the sludge passes through

the line in slugs alternating with sections of steam; that is the "bubble and piston" method, already known to the art (patent No. 536,858, issued April 2, 1895, to Donato). Judge Campbell distinguished Wheeler because he did not use that method. Wheeler Salvage Co. v. Rinelli & Guardino (D.C.) 295 F. 717, 725; Salvage Process Co. v. James Shewan & Sons (D. C.) 26 F.(2d) 258. The plaintiffs counter by saying that although this may be the result later up the line—after the sludge passes the defendant's steam jet for example—it cannot be so at the intake, because the air taken in at the nozzle must at once mix with the sludge. We need not solve this dispute in dealing with Wheeler's patent, because even though the sludge is "emulsified," on the showing made there is no certainty that the required "high vacuum" exists. Ten or even twelve inches of vacuum in the receiver is not prima facie enough when the phrase is defined as at least more than twice that amount. A more extended study of the art may prove that it should be read to cover such a vacuum, but that cannot be had on disputed affidavits. The defendant is for the moment entitled to read the claim as the specifications define it, especially because, as we said a moment ago, it supplements its vacuum with the steam jet. We conclude therefore that the plaintiffs have not proved a case for a preliminary injunction.

### The First Engstrand Patent.

Of the two claims of the first Engstrand patent, the first is for a method, and the second for an apparatus. The disclosure is a modification of Wheeler, and only in the kind of pump used. Engstrand substituted a steam jet on the barge in place of Wheeler's reciprocating pump. Little need be said regarding it, for both claims contain the element of high vacuum, and Engstrand defines this really in the same terms as Wheeler. He says that the pump maintains a vacuum of nineteen inches in the line, and that this is an equivalent of twenty-five inches in the receptacles of which Wheeler was speaking. As Engstrand uses open receptacles, his vacuum had to be in the line between the intake and the steam jet, and his specifications must pro tanto be read like Wheeler's and are subject to the same infirmities on the issue of infringement. For the reasons above given, the decree must therefore be reversed as to this patent also, regardless of the defendant's other grounds, upon which we do not pass.

### The Second Engstrand Patent.

The disclosure in Engstrand's second patent is of a machine for the same purpose as the other two, but with many differences of structure. At the intake end there is a steam jet pump, assisted by a second steam jet, considerably further up the line; these two are the only means of conveying the sludge. The fifth claim is for the method of sucking the sludge into the line, slowing it down at the jet by constricting its passage, "blowing it to fragments" at the jet, and allowing the steam to "expand unimpeded," and to discharge into the atmosphere. The defendant's method may verbally infringe this claim except in two particulars; the steam jet is not literally "at the intake end," but some twenty-five feet from it; and the jet does not blow the sludge into fragments unless the defendant's affidavits are disregarded. As we have already said, these allege that the infringing pump operates on the "bubble and piston" method above; and if so, it is not a formal difference. The issue is obscure and may turn either way; indeed the plaintiffs seem to agree that at some point in the line the sludge may be in slugs separated by sections of steam. Whether this may be true and yet the first jet blow it into fragments which later unite, we cannot say on this record. Even if the art had not anticipated the "bubble and piston" method, we could not totally ignore an element of the claim, least of all upon motion for preliminary injunction. Without passing on any other point, the decree must be reversed as to this patent also.

Decree reversed as to all three patents; injunction denied.