**TRAVELERS MUT. CASUALTY CO. OF DES MOINES v. SKEER et al.**
**No. 2662.**

District Court, W. D. Missouri, W. D.
Sept. 13, 1938.

E. H. Gamble and Trusty & Pugh, all of Kansas City, Mo., for plaintiff.

Ringolsky, Boatright & Jacobs, of Kansas City, Mo., for defendants.

OTIS, District Judge.

If, when the temporary injunction was issued, there had been that full knowledge of facts which the hearing developed, the temporary injunction would not have been issued. In legal theory then and within the meaning of the injunction bond it was "wrongfully" issued. The bond was intended to secure payment to the defendant of such damages as the wrongful issuance of the temporary injunction caused. What were his damages? An item of (a) interest and another item of (b) attorney's fees are claimed.

1. Defendant was entitled to apply the money of plaintiff which he had in his hands when the temporary injunction was issued to the payment of his claim (being for a greater amount) against plaintiff. Therefore he was damaged by the loss of the use of that sum, a loss resulting from the injunction. He is entitled to judgment against plaintiff in the amount of at least $785.32, being 6% on $3,540.27, for the period from December 15, 1934, to August 26, 1938.

2. Learned counsel for defendant asks for the second item on the theory that Tullock v. Mulvane, 184 U.S. 497, 22 S.Ct. 372, 46 L.Ed. 657, and cases holding similarly, have been overruled by Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. His theory is (a) that such a bond as we have here is only a contract, (b) that the common law of the state where a contract is made governs its interpretation, (c) that the common law, as declared by the Supreme Court of Missouri, is that attorney's fees, incurred as the result of an injunction, are within the "damages" against which an injunction bond provides indemnity.

806

A District Court, of course, will not and should not overrule a decision of the Supreme Court even although it is believed that the Supreme Court itself will overrule one of its decisions if and when the question of the correctness of that decision is presented to the Supreme Court.

The question here is this. Does Erie R. Co. v. Tompkins conflict so clearly with Tullock v. Mulvane that the decision in the latter case must be held no longer to be the law? We think it does not. Indeed we think there is no conflict between these cases.

What we conceive to be the chief error in the reasoning of learned counsel for defendant is in his assumption that the injunction bond is only a contract between the parties, to be construed like any contract, as to its terms which may be of doubtful meaning, by reference to the common law. An injunction bond is more than a contract. It is a condition imposed by a Federal Court, under authority of the Constitution and laws of the United States, as a prerequisite to the issuance of its injunction. It is a part of the machinery of that Federal Court, as much so as an order or any rule of court. Having that nature, to say that it is to be construed as a simple contract between parties would be construed, seems to us a doctrine unwarranted. Certainly the Federal Court will construe its own orders, its own rules, its own bonds.

It should not be overlooked that both Erie R. Co. v. Tompkins and Swift v. Tyson, 16 Pet. 1, 10 L.Ed. 865 concern the interpretation of Section 34 of the Judiciary Act of 1789, 1 Stat. 92, 28 U.S.C.A. § 725, requiring that "The laws of the several states * * * shall be regarded as rules of decision in trials at common law * * *." The Erie R. Co. Case requires us to interpret the phrase, "The laws of the several states," to include the decisions of the Supreme Court of a state touching the common law. The case expressly does not hold the statute invalid. The statute then is still the law. Under the statute the controlling character of state laws is confined to "trials at common law." But the case here is a case in equity. The trial (and all its incidents) is in equity.

It must be admitted that the Erie R. Co. Case goes farther than merely to overrule Swift v. Tyson. It holds, in effect, 58 S.Ct. 822, that "except in matters governed by the Federal Constitution or by acts of Congress," there is no law except the laws of the states. So far then as questions arising in an equity case are governed by law; they are governed by the law of the states, unless there is applicable the Constitution or an Act of Congress. But, as was so clearly pointed out by Mr. Chief Justice Taney in Bein v. Heath, 12 How. 168, 13 L.Ed. 939, cited in Tullock v. Mulvane, all the proceedings in a court of equity, including the requiring and the conditioning of an injunction bond, are governed by the Constitution and the laws of the United States.

Motion sustained. Damages fixed at $785.32. So ordered. Exceptions to both parties.