**SALVAGE PROCESS CORPORATION et al. v. ACME TANK CLEANING PROCESS CORPORATION.**

No. 267.

Circuit Court of Appeals, Second Circuit.

May 22, 1939.

W. Hastings Swenarton, of New York City, for appellant.

Larkin, Rathbone & Perry, of New York City (Albert Stickney and Charles B. McGroddy, Jr., both of New York City, of counsel), for appellees.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

SWAN, Circuit Judge.

This appeal brings up for review a decree entered upon a reference to ascertain the damages sustained by the defendant by reason of the improvident issuance of a preliminary injunction in a patent infringement suit. As required by statute, 28 U.S. C.A. § 382, the plaintiffs had posted a surety bond in the sum of $25,000 conditioned on payment to the defendant of "such costs and damages, not exceeding the before mentioned sum, as it may sustain by reason of the injunction, if the Court finally decides that the plaintiffs are not entitled thereto." On a prior appeal this court reversed the decree which granted the pre-

liminary injunction. Salvage Process Corp. v. Acme Tank Cleaning Process Corp., 2 Cir., 86 F.2d 725. Upon final hearing the trial court granted a permanent injunction as to one of the claims in suit, which was likewise reversed on appeal. Salvage Process Corp. v. Acme Tank Cleaning Process Corp., 2 Cir., 94 F.2d 69. The improvidently issued preliminary injunction was in force from August 6, 1936, to February 9, 1937, and the order vacating it referred the cause to a special master to ascertain and report to the court the damages sustained by the defendant by reason thereof. After lengthy hearings the master reported that no damages had been proved. Over the defendant's exceptions, the report was confirmed and costs of the reference amounting to $1,305.59 were awarded the plaintiffs who had been required to pay them in the first instance. This decree is now before us.

The special master has written a comprehensive and able report which discusses seriatim the several items of damages claimed by the defendant. In our opinion he disposed of the defendant's contentions in accordance with well established law.

The first item relates to punitive damages for malicious prosecution and libel. On August 18, 1936, the plaintiffs wrote letters to three shipyards, subsidiaries of Todd Shipyards Corporation, informing them that the preliminary injunction which the plaintiffs had obtained restrained the defendant "from further operations." This was a misstatement of the effect of the injunction, which did not enjoin all operations by the defendant but merely infringement of specified claims of the patents in suit. Whether the false statement as to the extent of the injunction be viewed as evidence tending to support a cause of action for malicious prosecution or a cause of action for libel in respect to the defendant's business, the denial of punitive damages was correct. Damages for libel are plainly not within the coverage of the bond; they do not result from the issuance of the injunction but from an independent tort committed by the plaintiffs. Only such damages as are covered by the bond are recoverable in this proceeding. See United Motors Service v. Tropic-Aire, 8 Cir., 57 F.2d 479, and cases therein cited. On the assumption that recovery of damages for malicious prosecution of the suit was permissible under the reference—though this may well be doubted—the master was quite

right in holding that no such claim was proven. Even if the letters be viewed as showing that the plaintiffs bore malice towards the defendant and as such might be considered some evidence that a similar feeling had prompted them to seek the preliminary injunction, proof of another essential element, namely, lack of probable cause, was absent. The granting of a preliminary injunction upon notice to opposing parties, even though reversed on appeal, is at least prima facie evidence of probable cause. Burt v. Smith, 181 N.Y. 1, 73 N.E. 495, 2 Ann.Cas. 576, appeal dismissed in 203 U.S. 129, 27 S.Ct. 37, 51 L.Ed. 121; Donnally v. Fairmont Brewing Co., 87 W. Va. 494, 105 S.E. 778. The granting of a final injunction, despite reversal on appeal, is conclusive evidence of probable cause. Crescent City Live Stock L. & S. H. Co. v. Butchers' Union, 120 U.S. 141, 7 S.Ct. 472, 30 L.Ed. 614; Brandenberg v. Addison, 221 Ky. 442, 298 S.W. 1091. In the case at bar the final injunction was less extensive than the temporary injunction. Even if the temporary injunction was only prima facie evidence of probable cause to sue for relief not accorded by the final injunction, no evidence was introduced that overcame such prima facie case.

 The second item of damages relates to attorneys' fees. Necessary expenses incurred by a defendant in procuring an attorney to bring about the vacation of an injunction result directly from its improvident issuance and logically, it would seem, should be deemed "damages" sustained by reason of granting the injunction. But the law as laid down by the Supreme Court has long been otherwise. Oelrichs v. Spain, 15 Wall. 211, 21 L.Ed. 43; Tullock v. Mulvane, 184 U.S. 497, 22 S.Ct. 372, 46 L.Ed. 657. The statute, 28 U.S.C.A. § 382, which now makes mandatory the posting of a bond "conditioned upon the payment of such costs and damages as may be incurred," must be construed in the light of the definition which the Supreme Court had previously given to similar language in injunction bonds exacted by the courts in the exercise of discretion. Subsequent to the enactment of the statute three district courts have applied the former rule. In re Farmers' Union Mercantile Co., D.C.S.C., 26 F.2d 102; Travelers' Mut. Casualty Co. v. Skeer, D.C.E.D.Mo., 24 F.Supp. 805; Duke Power Co. v. Greenwood County, D. C.W.D.S.C., 25 F.Supp. 419. The fact that the law of New York permits recovery of attorney's fees under a state court injunction bond is irrelevant, since we are construing a bond exacted under a federal statute. See Tullock v. Mulvane, 184 U.S. 497, 512, 22 S.Ct. 372, 46 L.Ed. 657. Nor has the rule been changed by Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. See Travelers' Mut. Casualty Co. v. Skeer, supra, 24 F. Supp. at page 806. Hence, the claim for attorney's fees must be disallowed, and a like fate must befall the claim for the cost of printing briefs on the defendant's appeal from the preliminary injunction.

We think it unnecessary to review in detail the several other items of damages claimed by the defendant. The special master's report demonstrates the failure of proof as to each. And since no damages were proved, we can find no error in charging the defendant with the costs of the reference. Hohorst v. Hamburg-American Packet Co., C.C.S.D.N.Y., 76 F. 472; Everest v. Buffalo Lubricating Oil Co., C.C.N.D. N.Y., 31 F. 742.

Decree affirmed.