**TRI-STATE PLASTIC MOLDING CO. v. RUZAK INDUSTRIES, Inc.**

**RUZAK INDUSTRIES, Inc., v. TRI-STATE PLASTIC MOLDING CO.**

Nos. 10997, 10998.

United States Court of Appeals
Sixth Circuit

April 11, 1950.

As Amended on Denial of Rehearing
May 31, 1950.

Eugene B. Cochran, Louisville, Ky., and William Freudenreich, Chicago, Ill., Charles G. Middleton, and Edwin G. Middleton, Louisville, Ky., on the brief; Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, Ky. (of counsel), for Tri-State Plastic Molding Co.

Ernest Woodward, Louisville, Ky. (Ernest Woodward II, Louisville, Ky., on the brief; Herbert X. Blum, New York City, Woodward, Hobson & Fulton, Louisville, Ky., of counsel), for Ruzak Industries, Inc.

Before HICKS, Chief Judge and SIMONS and MARTIN, Circuit Judges.

HICKS, Chief Judge.

It is well to make it clear at the outset that this was not an action for infringement of a patent or violation of a trademark. The crux of it is "unfair competition."

The Ward Baking Company (herein called Ward) is one of the largest bakers of cakes in the country. Herman S. Zaikaner was a promoter and salesman. Ru-

810

zak Industries, Inc., appellee and cross-appellant, a corporation (herein called Ruzak) was organized by Zaikaner but he had no stock in the company. Its stock was owned by his daughter and son-in-law, Hyman L. Fetterman. Ruzak was engaged in merchandising plastic boxes. Zaikaner styled himself as "the life blood of that business." He testified: "I am the general sales manager, the designer, the creator, the idea man."

Zaikaner had a conversation with representatives of Ward, who indicated that they were interested in devising a box that would hold a one pound fruit cake and could be readily sold to middle class people. Zaikaner made up a rough plastic box with a plastic cover that was air proof and which permitted a view of its contents from the outside and which could be reused for other commodities. He took an order from Ward for 300,000 of these boxes. Ruzak was not a molder and was without capital and Zaikaner began to search for some one who could mold the boxes. As a result of negotiations continuing from December 1946 to April 1947, appellant and cross-appellee, Tri-State Plastic Molding Co., a partnership (herein called Tri-State), agreed to make the 300,000 plastic boxes for Ward. In the negotiations leading up to this agreement, Tri-State was represented by Robert K. Gibbs, its principal owner, and who had been in the plastic molding business since 1943. The contract is as follows:

"EXHIBIT 13.
(Original in Book of Original Exhibits as Exhibit 286.)
RUZAK INDUSTRIES, INC.
Division of
TRI STATES PLASTIC MOLDING CO.
"Henderson, Ky., April 10, 1947
"Tri-State Plastic Molding Co.       PURCHASE
Henderson, Kentucky                  ORDER
Please ship by Per schedule to       Order No.
Per Schedule                         1198
                                     This Number
                                     Must Appear
                                     On Invoice

| Quantity | Items | |
|---|---|---|
| 300,000 | Crystal Clear Polystyrene Boxes, 7½ x 3½ x 3 | $260.00M |
| | Delivery to start within 6 to 8 weeks. | |
| | Boxes are to be individually wrapped in tissue and packed in cartons in quantities suitable for shipping. | |

Sample to be submitted for final approval.
Boxes to be billed to Ward Baking Co.

| | First | 250,000 | $310.00M |
|---|---|---|---|
| Ditto | Next | 250,000 | $300.00M |
| Ditto | Over | 500,000 | $295.00M |

All molds are the property of Ruzak Industries and shall only be used for molding of boxes under their supervision.

Acknowledge receipt immediately, stating time of shipment.

SEND INVOICE IN DUPLICATE, Bill of Lading and Shipping Notice to us.

Note:—This order is to be filed and delivered exactly as specified, and at no price higher than last quoted or charged unless so advised.

TRI STATES PLASTIC
MOLDING CO.,
By Robt. K Gibbs."

Ruzak contends that this contract involved a trade secret; that the confidential relationship between Ruzak and Tri-State required Tri-State to keep this secret and that equity will enforce this obligation by injunction. This leads us to the inquiry whether such a secret existed, and if so, what it was. We may assume from the nature of the contract that it did exist, but, after all, it consisted of nothing more than that a plastic box as a container for fruit cakes was being made for the first time.

Zaikaner submitted his idea to Gibbs, who in turn had Tri-State's engineer design the box and make the molds for it and Tri-State manufactured the boxes. The contract was performed and in accordance with its provisions the molds were delivered to Ruzak as its property.

We think that the clause in the contract, to wit: "All molds are the property of Ruzak Industries and shall only be used for molding of boxes under their supervision" carries with it an inference that Tri-State was under an obligation to keep secret the fact that it was manufacturing plastic boxes for Ward. See John D. Parks & Sons Co. v. Hartman, 6 Cir., 153 F. 24, 32, 12 L.R.A.,N.S., 135. But this secret was valuable to Ruzak only as long as it was kept a secret and its disclosure was not a breach by Tri-State. It was

disclosed when Tri-State began the shipments to Ward. The boxes then became articles of merchandise subject to examination by and sale to prospective customers. Dr. Miles Med. Co. v. Platt, C.C., 142 F. 606, 611.

There is no basis for the injunctive process against Tri-State for a breach of confidential relationship. Moreover, it is clear enough that Ruzak lost nothing by the disclosure.

The district court did not furnish us with findings of fact as required by the Rules, Federal Rules of Civil Procedure, rule 52 (a), 28 U.S.C.A., but was content to treat its opinion, delivered orally at the close of the hearing, as sufficient. Referring to the situation upon the termination of the contract, the court said: "Now everything went along fine." After that time, however, and beginning about July 1948, Tri-State procured other molds from which it made plastic boxes, varying in size, design and capacity, to be used in refrigerators and for other purposes, and sold these boxes to the trade, and about the same time Ruzak, although continuing to send orders to Tri-State, employed an independent concern to copy Tri-State's molds and manufacture boxes therefrom to be delivered to and sold on the general market by Ruzak. This conduct upon Ruzak's part gave rise to the defense of "unclean hands" which the district court did not specifically pass upon and which we find it unnecessary to consider. Nor do we find it necessary to go into great detail concerning the long continued negotiations between the parties except to say that they were characterized by much confusion and frequent misunderstandings. We set forth *in haec verba* the

decree from which this appeal by Tri-State and cross-appeal by Ruzak arose.[1]

■ Laying to one side the question of confidential relationship which we have already considered, we think that, in the exercise of judicial discretion, the injunction should not have issued. The district court was of the opinion that the case involved the "history of an idea" and that this idea originated with Zaikaner, but Zaikaner's idea, that of a plastic box for cakes, did not give either him or Ruzak a monopoly upon such boxes. His idea was not protected by either the patent or trade-mark laws, [Salvage Proc. Corp. v. Acme Tank Cleaning Process Corp., 2 Cir., 94 F.2d 69, 70] and could be protected only by confidential relationship covered by contract, a point which we have already considered and found to be of no avail to Ruzak. Zaikaner had the right to keep the idea to himself or to manufacture boxes himself or employ others to do this for him, but he had no monopoly upon its characteristic elements. He could choose for himself the design, size, shape and color of the boxes and the quality of the plastic material (polystyrene) and so could all other plastic molders, as indeed they were doing, as long as they did not attempt to palm off their boxes as those of Zaikaner. Remington-Rand, Inc., v. Mastercraft Corp., 6 Cir., 67 F.2d 218, 220. The district court found no evidence that Tri-State ever undertook to pass off its boxes as those of Ruzak or Zaikaner, and we think that it is inequitable to compel Tri-State to refrain from doing that which all others engaged in the plastic manufacturing business had a right to do.

Tri-State seeks by counterclaim to compel Ruzak to account for any profits it had earned through the use of its designs, molds

1. "1. Plaintiff is the originator of the boxes designated in the Record as 059, 069, 0600 and Junior Krisper, and a perpetual injunction is hereby granted, awarded and decreed to the plaintiff, Ruzak Industries, Inc., against the defendants, Tri-State Plastic Molding Company, Robert Gibbs, Pat Buckley, and Joe Mis, enjoining and restraining them, their workmen, agents, servants, associates and employees, and each of them, from directly or indirectly making, selling, ad-

vertising or offering to make, sell or advertise either as originator or otherwise, any of these boxes or any design or process for making same, and from making, selling, advertising or designing, or offering to make, sell or design any box of approximately similar size, design and appearance of these boxes, which boxes and the design thereof were originated by and are the property of the plaintiff, Ruzak Industries, Inc. * * *"

and products. The district court did not specifically pass upon the counterclaim. The failure to do so illustrates the necessity for findings of fact under the Rule. The Court did say: "I think they were making money so fast out of the sale of this product that Zaikaner got the idea that he could get somebody else to manufacture these things possibly for less money than the defendant Gibbs."

It is true that Ruzak did employ Associated Plastics to copy Tri-State's boxes but there is a lack of evidence that Ruzak directly or indirectly misrepresented to its customers that these boxes were manufactured or distributed by Tri-State. There is evidence to indicate that they carried Ruzak's name to distinguish them from those of Tri-State.

The decree appealed from is reversed and both the complaint and the counterclaim are dismissed.