**ACTON MFG. CO., Inc.**

v.

**LOUISVILLE TIN & STOVE CO.**

No. 1873.

United States District Court, W. D. Kentucky, Louisville Division.

Nov. 26, 1953.

Arthur F. Robert, Louisville, Ky., Claude A. Fishburn and Orville O. Gold, Kansas City, Mo., Donald Hickman, Arkansas City, Kan., for plaintiff.

Ernest Woodward, II, Louisville, Ky., and Woodward, Hobson & Fulton, Louisville, Ky., for defendant.

SWINFORD, District Judge.

The plaintiff, Acton Manufacturing Co., Inc., brings this action against the Louisville Tin & Stove Company, a corporation, doing business as Progress Refrigerator Company, for the infringement of Letters Patent arising under the patent laws of the United States and for unfair competition between citizens of different states.

It is alleged in the complaint that the plaintiff has been and now is the owner of Letters Patent of the United States No. D–152,580 dated February 8, 1949, which was duly issued by the United States Patent Office for the design of "Portable Beverage Cooler" and that the defendant is manufacturing, selling and using products made according to and employing the invention of the Letters Patent held by the plaintiff.

It is further alleged that the defendant is guilty of unfair competition by its acts in manufacturing, advertising and selling an article of similar design in violation of the rights of the plaintiff. The plaintiff seeks an injunction and an accounting.

The defendant by its answer denies all allegations material to the plaintiff's

right to recover and sets forth the usual affirmative defenses in patent infringement suits, to-wit: (a) that the Letters Patent on which the plaintiff relies is void for want of patentability or invention; (b) that the subject matter of the patent had been patented for more than the period prescribed by Revised Statutes, §§ 4929, 4933 [now 1952 Revision, 35 U.S.C.A. § 171] (c) that the Letters Patent is void by reason of the prior use, knowledge and sale for more than the prescribed statutory period; (d) that the patentee is not the sole and actual inventor; (e) that the transfers by which the plaintiff claims to have acquired ownership are illegal and void under the statutes of the State of Kansas where the transfers took place.

For answer to the unfair competition claim or second cause of action as it is referred to in the pleadings, the defendant denies all material allegations relied upon for recovery and pleads affirmatively that the cause of action by the plaintiff is barred by laches.

The answer further pleads that the plaintiff has no capacity to sue by reason of its failure to comply with the General Statutes of Kansas, § 17–2806.

The facts as developed by the record show that the plaintiff under its Letters Patent manufactured, sold and distributed a portable refrigerator or icebox designed primarily for the purpose of keeping cool bottled drinks such as Coca-Cola of the soft drink variety and beer. The primary feature of this portable icebox was that it could be carried in automobiles and used for picnics and by motor travelers. The boxes were made of different sizes and slightly different shapes in order that they might fit into the trunks and luggage compartments of motor vehicles. It is developed by the proof and exhibits that the defendant manufactured, sold and distributed a box for the identical purpose and utility.

It is not contended by either party that their respective items utilized any novel invention or suggested inventive genius. The case rests squarely upon the novelty of design. It is not seriously contended that the defendant's box or boxes were not deliberately copied, with minor feature changes, from the boxes of the plaintiff.

It is practically an impossibility to discuss and compare such design items. The appearance to the eye of such items, as evidenced by exhibits filed, both in pictures and by the manufactured article, is the whole basis of the law on which decisions in purely design patent rest.

At the trial of the case the court had before it numerous Coolers offered as exhibits by both parties. The engineers and witnesses made the comparisons and called attention to various features of similarity and difference in the exhibits offered by the respective sides. The court could see no significant difference in the boxes of the plaintiff and the defendant. They were of similar size and shape and of identical color, which was a bright or "carnival red".

The plaintiff's predecessor began to manufacture the Coolers in October of 1945. The defendant first saw the item in the spring of 1946 and began some time thereafter within the following year to manufacture and distribute the defendant's Cooler. It is admitted that if the patent is valid on the plaintiff's Cooler that the defendant's No. A–1 is an infringement.

Of the numerous defenses offered by the defendant I will discuss only one and that is the validity of the patent. This case rests solely upon the proposition that the Cooler on which the Letters Patent was granted was of such novel design that it reached the dignity of invention. It is established by proof beyond question and admitted by the plaintiff that from a functional and utility standpoint there is nothing new, either in its items of mechanism or in the combination of such items.

The plaintiff's Cooler was novel in design and appearance. It was so novel that it attracted the attention of the officials of the defendant and they immediately set about to duplicate its general appearance and function. It is not denied by the defendant that it did this.

The appearance of the plaintiff's Standard and the defendant's A-1 boxes is so similar that the court could not distinguish from the exhibits offered which box was manufactured by which of the companies without minute examination. There was stamped upon the respective boxes the name of the manufacturer, but as we know such things are of rather indifferent importance to the average purchaser. It can be laid down as a finding in this case that the two boxes were indistinguishable to the buying public.

The real question, therefore, is whether or not the plaintiff's Cooler was of such novel design as to show creative or inventive genius. I do not think it was. The plaintiff's box shows novelty in general appearance with its rounded corners, conforming, as one of the witnesses pointed out, to the general modern trend of many articles of metal exterior. This is in contrast to the former sharp edges and square angles. The best example of such designing is the present models of automobiles. Added to this is the modern tendency for bright color and the general arrangement which appeals to the aesthetic sense and is pleasing to the eye of the ordinary observer as new and novel.

Such improved features, however, are no more than the natural development and progressive change in appearance of a long established prior art. Every improvement, either in utility or design, even to the extent of radical changes in appearance and function, is not such evidence of inventive genius that the most recent workman can claim a monopoly of production under the patent laws. As was said in the case of Remington-Rand, Inc., v. Master-Craft Corporation, 6 Cir., 67 F.2d 218, 222: "This was an improvement, no doubt, but it was not necessarily invention."

The decision of the Supreme Court in Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 129, 95 L.Ed. 162, points out clearly that mere improvement cannot be considered invention and while the presumption is in favor of the patent courts should be slow to sustain patents that are clearly lacking in novelty of idea, even though through thoughtful workmanship the item has become more attractive and salable. In other words, it must be recognized that workmen and designers who have long experience in the designing and construction of refrigerators and related items should not expect the protection of a patent for shop changes to modern design of long established prior art. The witnesses for the plaintiff place much emphasis on the rounded and curved corners and the corner guards secured to the side and end walls. There is nothing particularly novel in this construction, but it is a tendency of mechanisms of all utility items to soften what would now be considered the harshness of sharp corners and edges. It is not design invention to bring about such changes that are obvious to persons skilled in the art. This same designing is utilized in hundreds of items from automobiles to cooking utensils.

To my mind the decision in Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., supra, sharply directed the attention of the trial courts to the fact that decisions in cases such as the one at bar have drifted far beyond the intent of the legislative patent protection enactments. It was pointed out in the opinion in that case: "The concept of invention is inherently elusive when applied to combination of old elements." In a concurring opinion Mr. Justice Douglas lists a number of cases which had been before the Supreme Court and which the court had felt were entirely devoid of invention. I feel that the case at bar cannot seriously be differentiated from many of those listed.

In the concurring opinion Mr. Justice Douglas used the following language:

"The attempts through the years to get a broader, looser conception of patents than the Constitution contemplates have been persistent. The Patent Office, like most administrative agencies, has looked with

favor on the opportunity which the exercise of discretion affords to expand its own jurisdiction. And so it has placed a host of gadgets under the armour of patents—gadgets that obviously have had no place in the constitutional scheme of advancing scientific knowledge."

I am mindful of the fact that the enthusiasm with which the public receives a new piece of workmanship is a circumstance properly to be considered by the court in determining the novelty or invention. The Acton Cooler had phenomenal success in this respect. That fact should not be controlling, however, as the success in sales may depend upon many independent matters such as immediate need, economic conditions, good roads, development of picnic spots, parks, etc., and, of course, in addition to these and many other things, alert salesmanship. The record discloses that the Acton Cooler was well received by the public. To me this does not overcome the necessity on the part of the plaintiff of convincing the court that the item was actually an item of inventive genius. Jungersen v. Ostby and Barton Co., 335 U.S. 560, 69 S.Ct. 269, 93 L.Ed. 235, decided January 3, 1949; Goodyear Tire and Rubber Co. v. Ray-O-Vac Co., 321 U.S. 275, 64 S.Ct. 593, 88 L.Ed. 721.

On July 27, 1949, the judge of this court decided the case of Buer v. Montgomery Ward & Co., D.C.Ky., 85 F.Supp. 449. The article involved a small folding push cart for carrying groceries from the store in which they were purchased to the home or the automobile of the purchaser. It was established by the record that no such article was ever on the market until the plaintiff's push cart appeared. It was not claimed by the patentee that any of the items in the mechanism of the push cart were novel creations. As in the case at bar, Mrs. Buer relied upon the provisions of 35 U.S.C.A. §§ 31, 33 [1952 Revision, 35 U.S.C.A. §§ 101, 102, 111, 112, 161, 162], which recognized as patentable any new combination of known elements which produced a new and beneficial result.

It was held that the patent under which the plaintiff claimed was valid and that there had been an infringement on the part of the defendant. The court felt that the record established an entirely novel creation and a valuable and distinguishable improvement over the prior art.

The decision of the lower court was appealed and in reversing the case the appellate court in Montgomery Ward & Co. v. Buer, 6 Cir., 186 F.2d 614, 616, said:

"Appellee has no doubt produced a more acceptable container for use in transporting groceries and other articles, but this has been accomplished by assembling old elements which act independently of each other. This is not invention. The most that can be said for appellee is that probably her patent was an improvement over the prior art patent to Richie, No. 1,554,034—1925, which was for a parcel carrier in the nature of a cart mounted on wheels and pushed by a handle. In Richie, the container was of collapsible fabric rather than of paneled wood. In view of Richie, appellee's cart was nothing more than might have been produced by a skilled mechanic. See Condit v. Jackson Corset Co., 6 Cir., 35 F.2d 4, 6.

"If after the hearing on November 29th last, any doubt remained as to the correct result it is entirely cleared away by the opinion in the Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127 [95 L.Ed. 162]."

Referring again to Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., supra, in commenting upon the patents granted on combinations of known elements the following pertinent language from the opinion is quoted:

"Courts should scrutinize combination patent claims with a care proportioned to the difficulty and improbability of finding invention in

an assembly of old elements. The function of a patent is to add to the sum of useful knowledge. Patents cannot be sustained when, on the contrary, their effect is to subtract from former resources freely available to skilled artisans. A patent for a combination which only unites old elements with no change in their respective functions, such as is presented here, obviously withdraws what already is known into the field of its monopoly and diminishes the resources available to skillful men. This patentee has added nothing to the total stock of knowledge, but has merely brought together segments of prior art and claims them in congregation as a monopoly."

See also Kay Patents Corp. v. Martin Supply Co., Inc., 4 Cir., 202 F.2d 47, decided February 19, 1953.

■ I must conclude from the record and in the light of these authorities and numerous other cases from both district and appellate courts which have followed the Great Atlantic & Pacific Tea Co. case that the patent in suit was invalid.

■ The record does not establish a case for injunction because of unfair competition. As has been pointed out in this memorandum the product of the plaintiff was practically copied. Much of the advertising was similar and apparently the pictures used in the literature by the defendant were taken, with slight changes, from the pictures used by the plaintiff. Accepting the matters to which I refer as fact, such action does not constitute unfair competition. There was no confidential relationship between the parties. There was no effort, either in the product or the advertising, to deceive the public into believing that the product of the defendant was the product of the plaintiff. The record is barren of even a suggestion that a purchaser of a Progress Cooler was deceived into believing that he was purchasing an Acton product. The name of the respective manufacturers was stamped on the side of the boxes and the name in the adver-

tising material was boldly set forth in print and color. Remington-Rand, Inc., v. Master-Craft Corp., supra; Tri-State Plastic Molding Co. v. Ruzak Industries, Inc., 6 Cir., 181 F.2d 809.

I am of the opinion that this complaint should be dismissed. Findings of fact, conclusions of law, and judgment are this day filed.